[No. 1112.   Decided March 5, 1894.]

## J. D. LOWMAN AND MARY R. LOWMAN, *Respondents*, v. D. W. WEST *et al.*, *Appellants*.

ACTION OF UNLAWFUL DETAINER—PLEADING—DEMURRER.

The pendency of another suit between the same parties for the same cause of action cannot be raised by demurrer unless such fact appears on the face of the complaint.

A demurrer does not lie to a single paragraph of a complaint unless it purports to present a complete cause of action.

A complaint in an action of unlawful detainer, which alleges that certain of the defendants were in possession of the premises

in controversy as tenants of plaintiff, that certain other defendants claim some right of possession under said tenants, that the notice to defendants to pay rent or surrender the premises was duly and legally served in accordance with the laws of the state relating thereto, merely states conclusions of law, and is not sufficient under Laws 1891, p. 179, requiring the plaintiff in such action to "set forth the facts on which he seeks to recover." (DUNBAR, C. J., and HOYT, J., dissent.)

In the summary proceeding authorized by the action of unlawful detainer, the fact that defendants by their answer in effect dispute their landlord's title will not forfeit their right to notice to surrender the premises nor excuse the plaintiff's pleading and proving its service.

*Appeal from Superior Court, King County.*

P. P. *Carroll*, for appellants.

*Carr & Preston*, and W. R. *Bell*, for respondents.

The opinion of the court was delivered by

STILES, J.—The material portions of the complaint in this case (an action for unlawful detainer), so far as the merits were concerned, were as follows:

1. That plaintiffs were husband and wife.

2. That at all times herein mentioned the defendants, D. W. West and Lloyd Jones, were and are now in the possession of [description], as the tenants of the plaintiff J. D. Lowman. That said tenancy of said defendants was and is a tenancy from month to month, with monthly rental reserved, payable monthly in advance on the first day of each and every month.

3. That the monthly rental reserved for the occupation of said premises by the said defendants, and by them promised to be paid therefor, was and is the sum of fifty dollars per month for each and every month of said tenancy, and that by the terms of said tenancy the same was and is payable monthly in advance on the first day of each and every month in advance for the then ensuing month of said tenancy.

4. That on, to wit, the 1st day of November, 1892, the defendants, D. W. West and Lloyd Jones, were indebted to the said plaintiff, J. D. Lowman, for the rent of

said premises for the months of [ten months in all], amounting in all to the sum of $500. That subsequent to the said 1st day of November, 1892, and on, to wit, the 18th day of November, 1892, no part of said rent having then been paid, and the whole thereof, to wit, the said sum of $500 being then due and payable, the said plaintiffs made a written notice requiring said defendants in the alternative to pay the said rent or to surrender the possession of the said premises within three days after the date of the service of said notice upon them.

5. (Shows service of the notice on West and Jones.)

6. That more than three days have elapsed since the service of said notice upon said defendants, and the said defendants have failed and refused and do now fail and refuse to pay the said rent or any portion thereof, and have failed and refused and do now refuse to surrender the said premises to said plaintiff.

7. That no part of said rent has been paid, and the whole thereof is now due and payable, and the said defendants now unlawfully detain the said premises from the possession of the plaintiff, J. D. Lowman, although possession thereof has been duly demanded.

8. That the defendants [other defendants named], claim to have some right of possession to portions of said premises, under the said West and Jones. That the nature and extent of the rights of said defendants, if any they have, is to the plaintiffs unknown.

9. (Shows service of the notice on the other defendants.)

All of the defendants appeared and jointly demurred on eight grounds, viz.: (1) Defect of parties plaintiff. (2) Defect of parties defendant. (3) Another suit pending between the same parties for the same cause of action. (4) Two causes of action improperly joined. (5, 6, 7) Paragraphs 4, 5 and 6 state no cause of action. (8) The general demurrer.

The first four grounds were not well taken; the first, second and fourth because the defects and the misjoinder were not pointed out, and the third because the pendency

of another suit is a defense to be taken by plea, answer or proof under the general issue, unless it appears on the face of the complaint.

The fifth, sixth and seventh grounds were frivolous. A demurrer does not lie to a single paragraph of a complaint unless it purports to present a complete cause of action, which these did not.

The general demurrer, however, deserves more attention. An action under the unlawful detainer act of 1891 (Laws, p. 179), although it is within the jurisdiction of the superior courts, is none the less a special and summary proceeding, in which the power of the court to render an affirmative judgment depends upon the existence of certain statutory facts. The plaintiff "must set forth the facts on which he seeks to recover," is the language of this act, as it has been construed to be the express or implied requirement of all the acts governing this kind of proceeding. Mere conclusions of law have perhaps a less appropriate place in a complaint of this kind than anywhere in the realm of civil pleading, for it is proposed to summarily take the possession of real property from one man and give it to another without opportunity to plead anything but the general issue, or some affirmative defense like payment, eviction by the holder of paramount title, or some matter occurring since the tenancy commenced sufficient to terminate it.

Upon the merits of this case the complaint before us seems to abound in conclusions of law, rather than to contain statements of fact upon which the court could see whether sufficient facts existed. It is alleged in the first place that, at certain times, West and Jones were in possession of two certain lots as tenants of Lowman from month to month, at a rental of fifty dollars, payable in advance. But what was the arrangement or contract, written or oral, under which, either before or after their taking possession, West and Jones became, in law, the tenants of

Lowman, or when it was made, or where, or with whom, or to whom the promise to pay rent was made, the pleading does not disclose. *Fowler v. Roe*, 25 N. J. Law, 549.

The third subdivision of § 3 of the act (1891, p. 180) declares that a tenant of real property is guilty of unlaw-ful detainer, "when he continues in possession in person or by sub-tenant after a default in the payment of any rent, and after a notice in writing requiring in the alternative the payment of the rent or the surrender of the detained premises, served (in manner hereafter in this act provided)," etc. Section 5 prescribes the various methods of service. The complaint alleged that the notice "was duly and legally served upon the said defendants . . . in all respects in accordance with the laws of the State of Washington relating thereto." Respondents, relying upon general rules of pleading, contend·that this is a sufficient allegation of service. But, keeping in mind that the right of the court to entertain the summary proceeding depends upon whether the tenant has failed either to pay rent or surrender the premises within three days after the service of the notice "in the manner hereafter in this act provided," we must hold that a statement of facts showing the required service is a most necessary part of the complaint. The tenant has a right to stand upon proof of the exact service required by the statute before he can be adjudged guilty, and the service proved must be of that kind which the circumstances pointed out in § 5 justify. It is not as though by appearing in the action he waived service or irregularities in making service; for the proof of service is a substantive part of the plaintiff's case, and the defendant is entitled to know how he is to be charged with having been put in default. Were there but one manner of service provided for there might be less ground for stating the facts; but when there are so many ways, and when the statute does not provide for the filing of any proof of ser-

vice, it would be unfair that the defendant should be expected to be ready to meet a mere allegation of due service.

Respondents urge that inasmuch as the principal appellants appear by their answer to repudiate their landlord's title, they forfeited any right to notice. Common law cases are cited in support of this proposition: *Von Glahn v. Brennan*, 81 Cal. 261 (22 Pac. 596); *Appleton v. Ames*, 150 Mass. 34 (22 N. E. 69); Taylor, Landl. & Ten., § 522; but they have no application in this summary proceeding.

The filing of a joint general demurrer by all the defendants would not entitle the sub-tenants to have the complaint adjudged insufficient as to them, if a cause of action against any of the defendants were well pleaded. But, in our judgment, the statute is not complied with when it is merely stated that certain defendants "claim to have some right of possession to portions of said premises *under* the said West and Jones." Unless these persons are subtenants they cannot be sued in this proceeding; but the allegation that they claim "under" West and Jones does not necessarily imply sub-tenancy.

Numerous other objections to the complaint we do not find well taken. The evidence submitted was abundantly sufficient to sustain the judgment rendered, and we regret the necessity for reversing it. The appellants West and Jones entered upon tide lands located within the lines of Maynard's donation claim at Seattle, and sought to hold them against the owner. They were beaten in an ejectment suit, and paid a considerable judgment for detention of the premises. To avail themselves of the improvements they had erected they sought and obtained a lease in writing for one year, with the privilege of removing their improvements during the term. They paid rent through the term, and for several months thereafter, and then undertook to repudiate their tenancy, and after ten months

refusal to pay rent, attempt in this proceeding to set up the matters adjudicated against them in the ejectment case. Their defense is without merit, and their action savors of obstinate obstruction rather than of an appeal to fairness and justice.

We cannot find that the portions of the act in question relating to unlawful detainer and the penalty of double damages are not properly embraced in the act; nor do we find any error occurring in the case, except the overruling of the demurrer to the complaint, which error can be obviated by amendment in the superior court.

Judgment reversed, and cause remanded for a new trial.

ANDERS and SCOTT, JJ., concur.

DUNBAR, C. J. (*dissenting*). — I think, construing all the allegations of the complaint together, that there are sufficient facts stated therein to notify the defendants what acts or omissions are complained of without the least danger of misleading them; and, if that be true, it is sufficient. The distinction between stating a fact and stating a conclusion of law is sometimes difficult to maintain, and making too fine a distinction will tend to render pleadings unnecessarily prolix, and raise discussions over mere quibbles. The judgment should be affirmed.

HOYT, J. — I concur in what Chief Justice DUNBAR has said.