[No. 4102.   Decided March 21, 1902.]

STANFORD LAND COMPANY, *Respondent*, v. LOUIS STEIDLE *et al., Appellants.*

UNLAWFUL DETAINER — COMPLAINT — DESCRIPTION OF PREMISES.

A lease of certain premises described them as "the land actually occupied by R. L. McKenzie's old house, north of Johanna McKenzie's new house. Said house is about thirty rods southeast of the old Kromer house, on an unrecorded plat of lands south of Wall street and west of Rucker avenue, known as the Kromer tract, in the city of Everett, Snohomish county, Washington." In an action for unlawful detainer after the expiration of the lease, the complaint described the premises in the same terms as the lease. The defendants demurred to the complaint, alleging the insufficiency of the description. *Held*, that the description was sufficient, inasmuch as it gives the state, county and city, and the tract is described as bounded by well-known streets in the city; especially where it is the same description under which defendants took possession of the premises and if sufficient for that purpose should be sufficient notice of what they were called upon to vacate.

SAME — ALLEGATION OF WRONGFULNESS OF DETENTION.

In an action of unlawful detainer, it is unnecessary to allege that defendants unlawfully and wrongfully keep possession of the premises, where the complaint alleges the continuance in possession by defendants after the term specified in the lease.

SAME — NOTICE TO QUIT — NECESSITY.

Under Bal. Code, § 5527, subd. 1 which provides that, in all cases where real property is leased for a specified term, the tenancy shall be terminated without notice at the expiration of

such specified term, notice to vacate is unnecessary where by the terms of the lease the tenancy has expired.

NON SUIT — SUFFICIENCY OF EVIDENCE — PROOF OF CORPORATE EXIST-
    ENCE.

The corporate existence of plaintiff is established sufficiently as against a motion for non suit where there is testimony of a witness, unobjected to and uncontradicted, that he is president of a corporation, the plaintiff in the case, and that the plaintiff company, a corporation, was the owner of the premises in controversy.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge.     Affirmed.

*Herbert E. Snook,* for appellants.

*Francis H. Brownell,* for respondent.

The opinion of the court was delivered by

WHITE, J.—Respondent commenced an action of unlawful detainer against the appellants to recover a parcel of land described as follows:

"The land actually occupied by R. L. McKenzie's old house, north of Johanna McKenzie's new house.     Said house is about thirty rods southeast of the old Kromer house, on an unrecorded plat of lands south of Wall street and west of Rucker avenue, known as the Kromer tract, in the city of Everett, Snohomish county, Washington."

Respondent alleged that it was a corporation, and set forth an abstract of its title to the land.     The only allegation of notice to quit, or demand for the surrender of the premises, is as follows:

"That plaintiff has made demand upon the defendant that he quit and vacate said premises, and defendant has refused and still refuses so to do."

Respondent shows in its complaint that the manner in which appellants were in possession of the land was as follows:

"That on December 1, 1899, the Everett Land Company and W. J. and B. J. Rucker, the then owners of the land hereinafter described, leased the same to R. L. McKenzie for a period of one month, or until the first day of January, 1900; that said R. L. McKenzie duly assigned the said lease to this defendant Louis Steidle, who, on the expiration of said lease, continued to remain in possession of the said land."

Appellants demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action. The court overruled the demurrer. The appellants then filed their answer, admitting that the land described in the complaint was leased to R. L. McKenzie for a period of one month, or until the first day of January, 1890, and that said R. L. McKenzie assigned the said lease to the defendant Louis Steidle, who on the expiration of said lease, continued to remain in possession of the said land. Then follows a description of the land as above set out. Appellants set up an affirmative defense, and asked for the specific performance of a verbal agreement to convey, and prayed that the respondent be decreed to specifically perform the agreement set up by the appellants. It is not material to set out this agreement, considering the shape which the action assumed at the trial. After the respondent had introduced its testimony, appellants moved to dismiss the action upon the ground and for the reason that respondent has offered no proof that it was a corporation, though its corporate existence was denied by the answer; and for the further reason that no written notice had ever been served upon either of said appellants of termination of tenancy, requiring them to vacate and surrender said premises, and that it did not appear that any notice of any kind had been served upon said appellants twenty days prior to any day for the payment of the rent.

The court denied this motion. Appellants elected to stand on their motion to dismiss, whereupon the court directed the jury to render a verdict in favor of respondent and for recovery of said premises, and judgment was thereafter rendered and entered pursuant to the verdict. From this judgment appellants prosecute this appeal, assigning as error the refusal of the court to dismiss the action and the overruling of appellants' demurrer to respondent's complaint.

The points urged by appellants may be grouped under four heads: (1) The alleged insufficient description of the premises; (2) lack of an allegation in the complaint that the appellants unlawfully and wrongfully kept possession of the premises; (3) the alleged insufficiency of the notice to vacate; (4) the alleged failure of the respondent to prove its corporate character. The complaint alleges unlawful detainer by the appellants after the expiration of a written lease. The complaint describes the land as it is described in the lease. Appellants do not point out wherein this description is insufficient. The state, county, and city are given, and also the streets which bound the small plot leased, which is described as the land actually occupied by a certain house, of which the appellants are in possession. Any one, by taking the complaint or lease, could go to within a few feet of the exact house, and there find out which was "R. L. McKenzie's old house;" or he could go to within a few feet of the plot and ascertain what house was occupied by the appellants. The description seems to have been amply sufficient to enable appellants to know of what to take possession, and ought then to be sufficient for them to know what to vacate.

Appellants complain because the complaint contains no allegation that appellants unlawfully and wrongfully kept

possession of the premises.   It is true that there is no distinct allegation to that effect.   Nor is any such necessary. The lease provided specifically that the tenancy should expire on the first day of January, 1900.   Section 5527, subd. 1, of Bal. Code, provides that a person is guilty of an unlawful detainer when he holds over or continues in possession after the expiration of the specific term for which real property is let to him..  The complaint distinctly alleges that the appellants did remain in possession after the specified term of the lease.   It was not necessary to allege anything more.   To do so would be to allege a mere conclusion of law from the facts.   The facts showing the respondent's rights are set forth, and the refusal of the appellants to grant those rights is alleged.   Nothing is gained by saying that such refusal is unlawful and wrongful.   This necessarily follows, as a conclusion of law, if the facts alleged are true.   Subd. 1 of § 5527, Id., provides that:

"In all cases where real property is leased for a specified term or period by express or implied contract, whether written or by parol, the tenancy shall be terminated *without notice* at the expiration of such specified term or period."

Under the terms of the lease in this case, the tenancy expired on the first day of January, 1900, and, under the specific provision of the statute, no notice was necessary. It is alleged in the complaint that demand was made upon appellants to quit and to vacate the premises, which they refused to do.   At the trial, Mr. Stanford, the president of the respondent corporation, testified that he had made a verbal demand upon Mr. Steidle that he quit the premises, and that a written notice was served on both of the defendants, requiring them to vacate the premises. Thereupon the plaintiff's attorney stated to the court, "that he had no further witnesses, excepting one W. P. Bell, who

had served the written notice testified to by Mr. Stanford; that plaintiff's attorney was informed, over the telephone, that Mr. Bell was now on his way to the court house. The court then ruled that testimony as to the written notice was unnecessary. Thereupon the plaintiff rested." This ruling of the court was proper. The requirements of notice, as a reference to the statute shows, are solely in cases where the lease has not expired, but the tenant has failed to pay rent, or to observe some other provisions of the lease. The case of *Lowman v. West,* 8 Wash. 355 (36 Pac. 258), relied upon by the appellants, was a case where the tenant had failed to pay rent; and the action was brought under subd. 3 of § 5527, *supra,* where a notice is specifically required. This case is not, therefore, any authority for an action brought under subd. 1 of this section, which provides that the tenancy is terminated without notice.

Appellants urge that the respondent did not sufficiently prove its corporate existence below, and that on that ground their motion for a nonsuit should have been granted. Respondent replies that the general denial did not raise that issue. We do not think it necessary, under the circumstances of this case, to pass directly upon that question. The first paragraph of the complaint, which alleged the corporate existence of the respondent, was passed over by the appellants, and they specifically pleaded to every other paragraph of the complaint except the fifth, which was an allegation that the respondent had made demand upon the appellants that they quit and vacate said premises, and appellants had refused and still refuse so to do. The fifth denial in the answer is that said appellants deny all the other allegations in said complaint contained. This manner of pleading had a tendency to mislead the respondent into supposing that the first allegation of the complaint

was admitted, inasmuch as it was not specifically denied. In addition to this, the affirmative defense set up by the appellants recognized the corporate existence of the respondent, and asked for the specific performance of a verbal agreement to convey to the appellants the land they were occupying. There was some evidence also offered, and not objected to, which we thing *prima facie* established the corporate existence. George H. Stanford testified that he was president of the Stanford Land Company, *a corporation,* the plaintiff in the case; that, by virtue of an agreement between the Stanford Land Company and the said Everett Improvement Company and W. J. and B. J. Rucker, the premises described in said lease and in plaintiff's complaint in this case became the property of the witness George H. Stanford by a contract, which contract he had subsequently duly assigned to the Stanford Land Company, *a corporation,* and said Stanford Land Company was the owner thereof at the time of the commencement of the action. This was not the best evidence of the fact of the corporate existence of the respondent, and, had that particular objection been urged to the testimony and called to the attention of the court at the time the motion for a nonsuit was made, a different question would arise. No specific objection was made to the character of this testimony, and, that being the case, we will not now consider whether it was proper evidence, or the best evidence, of the fact testified to. As was said in *Edwards v. Carr,* 13 Gray, 238:

"It is very important that no objection to a verdict be brought before this court by an exception which was not in some form taken at the trial, especially in cases where there is ground to believe that if it had been then brought to the attention of the judge and the adverse counsel, it

might have been avoided by an amendment, or by a more specific direction of the judge, sustaining or overruling it."

*State v. Hyde,* 22 Wash. 551 (61 Pac. 719). In *Yakima National Bank v. Knipe,* 6 Wash. 348 (33 Pac. 834), testimony of a similar character, to establish the corporate existence, was admitted.

The judgment of the court below is affirmed with costs.

REAVIS, C. J., and DUNBAR, FULLERTON, HADLEY, MOUNT and ANDERS, JJ., concur.