[No. 4258. Decided July 26, 1902.]

DANIEL M. MOUNTS, *Respondent,* v. GUSTAF A. GORANSON *et al., Appellants.*

PROCESS — SERVICE OF COMPLAINT — WHEN SUFFICIENT TO GIVE COURT JURISDICTION.

Where a complaint had been served with a summons that was quashed, and an alias summons had thereafter issued and been served without a copy of the complaint, but notifying defendants the complaint was on file, the service was sufficient to give the court jurisdiction, of which it would not be deprived by failure to serve a copy of the complaint as required under Bal. Code, § 4873, which provides that when the complaint itself is filed in the office of the clerk of the court within five days after service of summons, the service of a copy of the complaint may be omitted; "but the summons in such case must notify the defendant that the complaint will be filed with the clerk of said court, and if the defendant appear within ten days after the service of the summons, the plaintiff must serve a copy of the complaint on the defendant or his attorney within ten days after the notice of such appearance."

UNLAWFUL DETAINER — NOTICE TO QUIT — CHARACTER OF NOTICE NEC-
ESSARY.

Where a tenant has continued in possession of agricultural
lands for more ·than sixty days after the expiration of the term
for which the premises were let to him, he is entitled, under Bal.
Code, § 5528, to hold for another year, when he will again be
guilty of unlawful detainer for a period of sixty days succeeding
the end of that holdover year, but any notice prior to the end
of his term is sufficient to authorize the bringing of the action
of unlawful detainer.

SAME.

Service of the statutory notice to pay rent or quit is unneces-
sary, where the action is not one to terminate the lease on ac-
count of failure to pay rent, but is to terminate the lease at its
expiration whether rent is paid or not.

STATUTE OF FRAUDS — INOPERATIVE AFTER PERFORMANCE OF CONTRACT.

After a lease, invalid for want of acknowledgment, has been
fully performed, neither party thereto can take advantage of its
invalidity so as to relieve himself of obligations incurred under
it.

ACTION FOR RENT — LIMITATIONS.

In an action to recover rent, the complaint is not demurrable
because the statute of limitations has run against a portion of
the rent due, where there is a balance due which is not barred.

TRIAL — DELAY IN REPLYING — DISCRETION OF COURT.

The action of the court in permitting plaintiff to file a reply
after defendant's motion for judgment on the pleadings be-
cause of plaintiff's failure to reply within five days after answer
filed, as required by rules of court, cannot be urged as error, when
no abuse of the court's discretion is shown.

SPECIAL VERDICT — WAIVER OF IRREGULARITY.

Where special interrogatories were submitted to the jury
and a general verdict returned by them without returning the
special verdict asked, and the court directed the jury to answer
such interrogatories, which the foreman thereupon did in writing,
in the presence of court, jury, and parties, without signing same,
and no objection was raised at the time to the regularity of such
proceedings, the appellants must be held to have waived the
irregularity.

Appeal from Superior Court, Pierce County.—Hon.
THAD HUSTON, Judge. Affirmed.

*Eric E. Rosling,* for appellants.

*J. W. A. Nichols* and *John C. Stallcup,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—Action for possession of agricultural land unlawfully detained. The plaintiff below (respondent here) brought this action against defendants (appellants here) for the possession of certain described agricultural lands. It was alleged substantially in the complaint that the plaintiff was the owner and entitled to the possession of the premises; that on the 6th day of May, 1892, plaintiff and defendants entered into a written contract of lease, whereby plaintiff leased to defendants the property described for the term of five years, at a yearly rental of $226, payable in semi-annual installments; that the lands were agricultural lands, used for the purpose of farming and stock raising (a copy of the lease was set out at length); that, upon making the lease, defendants took possession of the lands as tenants, and continued to occupy the same during the entire period of the lease; that, after the expiration of the term of the lease, defendants continued to hold over under the lease until May 6, 1901; that on the 27th day of March, 1901, plaintiff notified defendants in writing that said lease would be terminated on May 6, 1901; and that defendants would be required to vacate the premises and pay the rent due, which was alleged to be $2,596.90; that defendants at the expiration of the said term failed and refused to vacate the premises, and wrongfully and unlawfully withheld the same from plaintiff. The prayer was for rent due, for damages, and for a writ of restitution. A summons was issued, and, together with a copy of the complaint, served upon defendants on May 20, 1901. Defendants made a

special appearance, and moved to quash the summons, which motion was sustained. Thereupon the original complaint was filed on June 3, 1901, and an *alias* summons issued and served upon defendants on June 13, 1901, requiring defendants to appear and answer the complaint on file in the clerk's office on or before June 20, 1901. No copy of the complaint was served with the last summons. Defendants again appeared specially within the time required and moved to quash the summons because a copy of the complaint was not served therewith. This motion was denied. Defendants then demurred to the complaint upon the grounds that the court had no jurisdiction of the persons of defendants, that the complaint did not state a cause of action, and that the action was barred by the statute of limitations. The demurrer was overruled. Whereupon an answer was filed in which defendants denied all the allegations of the complaint, and, by way of affirmative defense, alleged, in substance, that defendants were in fact the equitable owners of the property, that a deed executed by defendants to plaintiff was in fact a mortgage, that the contract of lease was a part of the transaction growing out of the mortgage, and that the relation of landlord and tenant in fact did not exist. A reply denied the affirmative defenses. The cause thereafter came on for trial before the court and a jury, and a verdict was thereafter rendered in favor of the plaintiff for the possession of the premises and for $100 damages. From the judgment on the verdict, defendants appeal.

Appellants allege error of the court in denying the motion to quash the second summons because a copy of the complaint was not served therewith. The statute (§ 4873, Bal. Code) provides that when the complaint itself is filed in the office of the clerk of the court within five days after service of summons, the service of a copy

of the complaint may be omitted. The summons notified defendants that the complaint was on file in the office of the clerk. This service was sufficient to give the court jurisdiction of the persons of the defendants. The record also shows that a copy of the complaint had already been served on defendants. The fact that another copy of the same complaint was not served on defendants within ten days after notice of appearance did not deprive the court of jurisdiction. The motion was properly denied.

The order of the court overruling the defendants' demurrer to the complaint is next assigned as error. The first ground of demurrer is that the court had no jurisdiction of the persons of the defendants. This question has already been disposed of in what is said above. The second ground of demurrer is that the complaint does not state a cause of action, first, because it is not stated therein in what manner the notice to vacate was served. The complaint alleged "that on the 27th day of March, 1901, plaintiff notified defendants, in writing, that their lease of said premises would be terminated on May 6, 1901, and that defendants were required to quit, vacate, and surrender to the plaintiff said premises on said date, and to pay plaintiff the rent due as aforesaid, in the sum of and amounting to $2,596.90." It was also alleged in the complaint that the lands leased were agricultural lands; that the lease was for a definite term, viz., five years from the 6th day of May, 1892, and that thereafter defendants continued to hold under the lease until the 6th day of May, 1901. The statute, at § 5527, Bal. Code, says:

"A tenant of real property for a term less than life is guilty of unlawful detainer either,—

1.   When he holds over or continues in possession, in person or by sub-tenant, of the property or any part thereof after the expiration of the term for which it is let to him.

In all cases where real property is leased for a specified term or period by express or implied contract, whether written or by parol, the tenancy shall be terminated without notice at the expiration of such specified term or period. . . ."

Section 5528, Bal. Code, provides:

"In all cases of tenancy upon agricultural lands, where the tenant has held over and retained possession for more than sixty days after the expiration of his term, without any demand or notice to quit by his landlord or the successor in estate of his landlord, if any there be, he shall be deemed to be holding by permission of his landlord or the successor in estate of his landlord, if any there be, and shall be entitled to hold under the terms of the lease for another full year, and shall not be guilty of an unlawful detainer during said year, and such holding over for the period aforesaid shall be taken and construed as a consent on the part of a tenant to hold for another year."

It is clear from the first section quoted that the defendants were unlawful detainers for the period of sixty days after May 6, 1897, and no notice or demand to quit was necessary. Under the next section quoted, when defendants held for more than sixty days without demand or notice to quit, they were then entitled to hold for another year. We are of the opinion that this same condition arose at the expiration of the next year. Defendants were again unlawful detainers for sixty days, and so for each year they were permitted to occupy the premises under the lease; and an oral or written demand for the premises within sixty days after the expiration of any year, or any notice prior to the end of the year that the lease would be terminated, was sufficient to authorize the bringing of the action. The notice required by the statute to be served, wherein the time and manner of service must be stated in the complaint, as was held by this court in *Lowman v.*

*West,* 8 Wash. 355 (36 Pac. 258), is a notice which terminates the lease before the limitation of time on account of some condition broken; but such is not the case here.

It is next claimed that no notice was given in the alternative,—to pay rent or quit. The action, as we have said, is not an action to terminate the lease on account of failure to pay rent, but is to terminate the lease at its expiration whether rent is paid or not. It was, therefore, not necessary to serve the statutory notice to pay rent or quit.

It is next claimed that the lease is void, being for five years and not acknowledged. It is probable that neither party could have enforced the lease on this account, and that it would have been void as to third parties; but after it is fully performed, neither party to it can take advantage thereof, so as to relieve himself of the obligations incurred.

It is next contended that the statute has run against the cause of action for rent due, because a part thereof has not accrued within the last six years. Even if it be conceded that the statute had run as against all of the claim prior to six years or even three years before the action was brought, the balance was not barred, and the demurrer was properly denied on that ground.

After defendants served their answer on plaintiff's attorney no reply was filed within five days, as provided by the rules of the court. Defendants thereupon filed a motion for judgment on the pleadings, which motion was denied, and the court permitted plaintiff to thereafter file a reply. This was within the discretion of the court, and we think the discretion was not abused, and no error can be based thereon.

At the trial of the cause, the court, at the request of the defendants, submitted three interrogatories to the jury, in the nature of a special verdict. When the jury returned the general verdict in favor of plaintiff, no answers to these interrogatories were made. The court thereupon directed the jury to answer the interrogatories. The foreman of the jury, in the presence of the jury and in the presence of the court, thereupon answered each of these interrogatories in the negative in writing, but did not sign the same. No question was raised at the time the verdicts were returned as to the regularity of these proceedings. The jury was not polled, and without objection the defendants permitted the special findings to be received and filed, together with the general verdict. We are of the opinion that by not objecting to this procedure the defendants waived any irregularity and cannot now be heard to object to the same.

There are a number of other errors claimed, but the ones here discussed are the only ones of any merit.

Finding no error in the record the cause will be affirmed.

REAVIS, C. J., and ANDERS, HADLEY, FULLERTON, WHITE and DUNBAR, JJ., concur.