[No. 14522.  Department One.  April 27, 1918.]

MOSES SMELTZER *et al., Respondents,* v. JAMES B. WEBB
*et al., Appellants.*[1]

LANDLORD AND TENANT—UNLAWFUL DETAINER—NOTICE TO QUIT—
NECESSITY—TENANCY FROM YEAR TO YEAR—HOLDING OVER ON AGRI-
CULTURAL LANDS. Under Rem. Code, § 813, authorizing an action of
unlawful detainer in cases of tenancy upon agricultural lands
where the tenant has held over for more than sixty days "without
any demand or notice to quit by his landlord or successor in inter-
est," any oral notice of termination of the lease and demand of
possession at the expiration of the specified term, is sufficient to
prevent the tenant from acquiring rights by holding over, and to
authorize an action of unlawful detainer.

Appeal from a judgment of the superior court for
Grant county, Hill, J., entered June 14, 1917, upon the
verdict of a jury rendered in favor of the plaintiffs, in
an action of unlawful detainer.  Affirmed.

*W. E. Southard,* for appellants.

*S. H. Cutting, J. D. McCallum,* and *N. W. Washing-
ton,* for respondents.

PARKER, J.—The plaintiff, Smeltzer and wife, com-
menced this action to recover from the defendants,
Webb and wife, the possession of a farm in Grant
county which the defendants theretofore held under
a lease from the grantors of the plaintiffs.  The action
was commenced and prosecuted under our unlawful
detainer statute.  Trial in the superior court for Grant
county sitting with a jury resulted in verdict and judg-
ment in favor of the plaintiffs, from which the defend-
ants have appealed.

The farm in question, consisting of some six hun-
dred acres of land with a dwelling and other buildings
thereon, was, on January 12, 1914, leased by the then

[1]Reported in 172 Pac. 750.

owners, D. L. Woods and wife, for a term which, by
the express terms of the lease, expired November 1,
1915. Some two months prior to the date of the ex-
piration of the specified term, Woods and wife sold and
conveyed the farm to respondents, who thereupon, as
claimed by them, demanded of appellants that they
surrender possession of the farm at the expiration of
the specified term. This was not a formal written no-
tice to quit such as is required by statute to be served
upon a tenant looking to the termination of a lease or
tenancy, but, as claimed by respondents, was a suffi-
cient demand and notice to prevent appellants acquir-
ing the right to occupy the farm for another year un-
der the terms of the lease should they remain upon the
farm sixty days after the expiration of the term, under
Rem. Code, § 813, which reads:

"In all cases of tenancy upon agricultural lands,
where the tenant has held over and retained possession
for more than sixty days after the expiration of his
term, without any demand or notice to quit by his land-
lord or the successor in estate of his landlord, if any
there shall be, he shall be deemed to be holding by per-
mission of his landlord or the successor in estate of
his landlord, if any there be, and shall be entitled to
hold under the terms of the lease for another full year,
and shall not be guilty of an unlawful detainer during
said year, and such holding over for the period afore-
said shall be taken and construed as a consent on the
part of a tenant to hold for another year."

The only evidence of this demand and notice intro-
duced upon the trial was oral testimony of conversa-
tion had between Smeltzer and Webb and of work done
by Smeltzer and his three sons upon the farm which
amounted to taking possession of a large part of the
land in October and November, 1915, by consent of
appellants, from which testimony the jury found in
effect that the demand and notice was made and given

as claimed by respondents. Appellants, however, continued to occupy the dwelling and use a portion of the land for more than sixty days after the expiration of the specified term of the lease, and thereafter respondents commenced this action to recover possession of the whole of the premises.

The principal contention here made in appellants' behalf is that the trial court erred in admitting testimony of the making of the oral demand for possession of the farm shortly prior to the expiration of the specified term of the lease. The argument is, in substance, that an oral demand or notice in such cases does not satisfy the requirements of § 813 above quoted, but that such demand and notice must be in writing, attended by all the formalities as to contents and service as notices to quit looking to the termination of tenancies which may become forfeited or which do not have a specified fixed ending. It seems to us this contention is effectually answered by our decision in *Mounts v. Goranson*, 29 Wash. 261, 69 Pac. 740. In that case, it is true, the notice was in writing, but it was not pretended that it was such formal notice, either as to contents or service, as is required in other unlawful detainer cases. That action, like this, was commenced after the tenant had retained possession more than sixty days following the termination of the lease term, that is, more than sixty days following the termination of the term as it had been extended from year to year by consent, the final termination date being May 6, 1897. After quoting the section of our statute defining unlawful detainer and §§ 812, 813, Rem. Code, which sections were then §§ 5527 and 5528, Bal. Code, Judge Mount, speaking for the court, said:

"It is clear from the first section quoted that the defendants were unlawful detainers for the period of sixty days after May 6, 1897, and no notice or demand

to quit was necessary. Under the next section quoted, when defendants held for more than sixty days without demand or notice to quit, they were then entitled to hold for another year. We are of the opinion that this same condition arose at the expiration of the next year. Defendants were again unlawful detainers for sixty days, and so for each year they were permitted to occupy the premises under the lease; and an oral or written demand for the premises within sixty days after the expiration of any year, or any notice prior to the end of the year that the lease would be terminated, was sufficient to authorize the bringing of the action. The notice required by the statute to be served, wherein the time and manner of service must be stated in the complaint, as was held by this court in *Lowman v. West,* 8 Wash. 355 (36 Pac. 258), is a notice which terminates the lease before the limitation of time on account of some condition broken; but such is not the case here.''

This is not a case of giving a statutory notice to quit looking to the termination of a tenancy, but it is a case of preventing the commencement of a new tenancy, or rather of preventing the renewal by consent of a tenancy which, by express terms of the contract creating it, expired on a specified date. We conclude that the trial court did not err in admitting testimony of the making of the oral demand for possession by respondents. Some other contentions are made in appellants' behalf, but we think they are so clearly untenable as to not call for discussion here.

The judgment is affirmed.

ELLIS, C. J., FULLERTON, WEBSTER, and MAIN, JJ., concur.