[No. 2134.  Decided May 20, 1896.]

## NATIONAL BANK OF COMMERCE OF TACOMA, *Respondent*, v. JULIUS GALLAND *et al.*, *Appellants*.

REMOVAL OF CAUSES — CONTINUANCE — EVIDENCE — ORGANIZATION OF NATIONAL BANK — INDORSEMENT AND GUARANTY OF NOTE — DIRECTED VERDICT.

A defendant is not entitled to the removal of a cause from the state to the federal courts, either by reason of the fact that he is a non-resident, when some of the defendants are residents of the state, or that the action is prosecuted by a national bank, since by act of congress such banks are, for purposes of jurisdiction, considered as residents of the state where organized.

The subsequent appearance of another defendant after issues have been joined and the case set for trial as to some of the defendants upon whom prior service had been had, will not entitle the latter, under Code Proc., § 177, to have the case delayed for the making up of issues as to the defendant subsequently appearing.

A certificate of the organization of a national bank issued by the comptroller of the currency is competent evidence to show the incorporation of the bank.

A guaranty of payment written on the back of a promissory note and subscribed by the payee's name constitutes a transfer of the title of the note to the person who buys it under such guaranty.

Where the evidence would have justified a court in discharging the jury and rendering judgment for plaintiff, the fact that the court directed the jury to bring in a verdict for plaintiff is without prejudice.

Appeal from Superior Court, Spokane County.— Hon. JESSE ARTHUR, Judge.  Affirmed.

*H. M. Herman*, for appellants.

*Blake & Post*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to recover the amount alleged to be due on a promissory note made by the defendants Galland in their firm name of Gal-

land Brothers to John Burke, which it was alleged had been transferred to the plaintiff by a guaranty of payment indorsed upon the back of the note. At the time the issues upon which the cause went to trial were joined only three of the defendants had been served with process. The particular nature of the issues will sufficiently appear from what will be said in regard to the errors relied upon for the reversal of the judgment.

After the issues as to the defendants who had appeared had been fully made up and the cause set down for trial, one of the other defendants, Samuel Galland, appeared in the action and filed a petition setting up the facts that he was a non-resident of the State of Washington and that the action was being prosecuted by a bank organized under the laws of the United States, and claimed the right to have the cause transferred to the federal court. And the action of the court in denying this petition is the first error assigned. The non-residence of the petitioner furnished no ground for such transfer for the reason that some of his co-defendants were residents of this state; nor did the fact that the action was being prosecuted by a national bank entitle him to have the cause tried in a federal court. It may well be doubted whether or not the fact that the plaintiff was organized under the laws of the United States would have been sufficient to show that a question arising under such laws was to be determined, within the meaning of the act of congress relating to the removal of causes from state courts. But, if it did, the right to have a cause removed by reason of such fact was expressly negatived by § 4 of the act of August 13, 1888 (25 Statutes at Large, 436), which in express terms provided that national banks should for the purposes of jurisdiction

be considered as citizens of the state in which they
were organized, and should not be entitled to have
a cause in which they were interested removed to the
federal court except in cases in which other citizens
would be entitled to such removal.    Substantially the
same provision was contained in the act of 1882, re-
lating to the organization of national banks, and in
*Cooper v. Leather Manuf'rs' National Bank,* 29 Fed.
161, it was expressly held that the effect of this pro-
vision was to prevent a national bank from having a
case transferred to the federal court by reason of the
fact that it was organized under the laws of the United
States, and if the bank was not entitled to such re-
moval the other party to the suit would not be.

At the time the defendant Samuel Galland appeared,
defendants asked that the cause be continued until the
issues should be made up as to him.    The court de-
nied this request, and upon this denial is founded the
second assignment of error.    If there had been no
change in the common law rule there would be force
in this claim, but under the provisions of § 177, Code
Proc., the plaintiff had the right to proceed to judg-
ment against the defendants served even though such
service was never made on the other defendants, and,
if it had, it could not be deprived of the right to have
the issues determined at the time which had been set
for their trial by the fact that a day or two before one
of the other defendants had appeared in the action.
Under said section, the court had a right to settle the
issues as between the plaintiff and the defendants
served, and to set the case for trial, and this having
been done before the other defendant had appeared,
the fact of his appearance would not entitle the de-
fendants as to whom issues had been joined to delay
their determination.

The next error alleged is that the court erroneously admitted in evidence the certificate of organization of the plaintiff issued by the comptroller of the currency. This certificate was one which the law required the comptroller to make, and in our opinion was competent evidence tending to show the incorporation of the plaintiff. But, if it was not, the undisputed facts were sufficient to show such organization, without the aid of such certificate, under the rule announced in the case of *Yakima National Bank v. Knipe*, 6 Wash. 348 (33 Pac. 834); hence the admission of the certificate, even if it was not competent evidence, would furnish no ground for the reversal of the judgment.

The fourth, fifth, sixth and seventh assignments of error all depend upon the question as to whether or not any competent evidence was offered tending to show that the note had never been the property of the plaintiff or that it derived title after the maturity of the note. The basis of the contention of the appellants that such evidence was offered was that the indorsement upon the note was not such as to transfer the title thereto, their claim being that, by reason of the fact that above the name of the payee written upon the back of the note was a guaranty of payment instead of the contract of indorsement express or implied, title did not pass. It is true that a guaranty of the payment of a note does not necessarily include a contract of indorsement, but when such guaranty is written upon the back of the note in general terms and signed by the payee named therein, the universal custom is to treat such contract of guaranty as a transfer of the title of the payee to the person to whom the guaranty is made. But if this note had never been so indorsed as to transfer the legal title, that fact would not aid the appellants. The undisputed proof

showed that the note had been bought by the plaintiff of the payee for an adequate consideration, and that knowledge of this fact had been brought home to the makers long before they acquired the rights against the payee which they sought to interpose as a defense to the action. Like undisputed proof showed that the plaintiff bought the note of the payee within a month after it was made and long before it was due. It follows, that, as between the makers of the note and the plaintiff, the plaintiff was the owner and entitled to enforce the note in accordance with its terms, even though they had a defense to it in the hands of the payee. Consequently, all the proof offered, the rejection of which is assigned as error, was rightfully excluded.

Defendants sought to prove that even if the plaintiff had become the owner of the note by transfer from the payee it was not the owner at the time the action was brought by reason of the fact that it had indorsed the same to the bank of Wells, Fargo & Co. But the circumstances surrounding the indorsement to that bank were so explained by undisputed proof that there was no testimony upon which to found the claim that the plaintiff was not, at the time of the commencement of the action, the owner of the note.

The eighth assignment of error presents the same question as did the first; the ninth the same as the second; the tenth substantially the same questions as the fourth, fifth, sixth and seventh. The eleventh is founded upon the action of the court in submitting the question of attorneys' fees to the jury, but whether or not the action of the court in so doing was regular, it is evident from the entire case that the defendants were not injured thereby.

In the twelfth assignment it is claimed that the

court erred in instructing the jury to find a verdict for the plaintiff, when by law, if the plaintiff was entitled to the verdict in the opinion of the judge, it was his duty to discharge the jury and render judgment for the plaintiff, but if the facts would have warranted the court in taking the case from the jury and rendering judgment itself, we are unable to see how defendants were injured.

The thirteenth assignment of error grows out of the motion for a new trial and presents no question not already discussed. No substantial error is shown by the record and the judgment will be affirmed.

DUNBAR, SCOTT and GORDON, JJ., concur.