HARRY C. HALSEY, Appellant, v. HENRY JEWETT DRAMATIC COMPANY, Respondent.

CORPORATIONS — ACTION BY FOREIGN CORPORATION — DEFENSE OF FAILURE TO PAY LICENSE FEE — FACTS MUST BE PLEADED — DEFENSE AVAILABLE AGAINST ASSIGNEE. Where the provisions of section 181 of the Tax Law (L. 1896, ch. 908), as amended by chapter 558 of the Laws of 1901, prohibiting the maintenance of actions in the courts of this state by foreign corporations, with the exception of certain companies specifically mentioned, without their first obtaining a receipt for the license fee imposed by such statute for the privilege of carrying on business within the state, is relied upon as a defense to an action by an assignee of a foreign corporation to recover money alleged to be due it on a contract, the facts must be alleged in the answer; and since under chapter 240 of the Laws of 1895 it is the duty of the state comptroller to fix the amount of such license fee, whereupon it must be paid within thirty days thereafter, a failure to allege that the amount had been assessed and that more than thirty days had elapsed with the fee unpaid, renders the defense insufficient and a demurrer thereto should be sustained. A contention, however, that the statute has · no application to an assignee of a foreign corporation cannot be sustained since the assignee has no greater rights than the corporation itself, and a defense available against the corporation, under the statute, is good against the assignee, except as to negotiable paper taken from it in good faith before maturity.

*Halsey* v. *Jewett Dramatic Co.*, 114 App. Div. 420, reversed.

(Argued October 7, 1907; decided December 17, 1907.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 12, 1906, which affirmed an interlocutory

judgment of Special Term overruling a demurrer to the answer.

The following questions were certified:

"1. Is the affirmative defense contained in the amended answer of the defendant sufficient in law?

"2. Is the defense contained in the supplemental answer of the defendant sufficient in law?

"3. May an assignee of a foreign corporation authorized to do business in this State and liable to pay a license therefor under section 181 of the Tax Law, as amended by chapter 558, Laws of 1901, maintain an action upon a contract made in this State, when the fee required by the section has not been paid when the action was commenced?

"4. May such an action be maintained if the fee be paid intermediate the service of the complaint and answer?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Maxwell C. Katz* and *Otto C. Sommerich* for appellant. Chapter 558 of the Laws of 1901, being section 181 of the Tax Law, requiring the payment of license fees, merely deprives a foreign corporation of its capacity to sue, and since merely the capacity to sue is affected and an assignee not being within the direct inhibition of the statute, the assignee is not deprived of the capacity to sue. (*Lindheim* v. *Sitt*, 33 Misc. Rep. 62; *J. C. Bank* v. *Townley*, 159 N. Y. 490; *Parmelee Co.* v. *Haas*, 171 N. Y. 579; *South Bay Co.* v. *Howey*, 113 App. Div. 382.)

*Nathan Ottinger* for respondent. The statute in question applies to the assignee of a foreign corporation just as it would apply to the foreign corporation itself. (*Kinney* v. *R. I. C. Co.*, 57 App. Div. 206.)

HAIGHT, J. The plaintiff was the assignee of H. A. Thomas & Wylie Lithographing Company, a New Jersey corporation authorized to do business in this state, and brings this action

to recover a balance alleged to be due upon a contract made by the corporation with the defendant, also a New Jersey corporation, to print and deliver to it a large quantity of lithograph portraits in colors, at prices stipulated in the contract. The action was commenced on the 27th day of June, 1901, and on the 5th day of February, 1905, amended and supplemental answers were served, from which it is alleged as a defense that, although H. A. Thomas & Wylie Lithographing Company had procured the consent of the secretary of state to do business in this state on the 30th day of June, 1898, it had failed and refused to pay and did not pay the state treasurer the license fee required by section 181 of chapter 908 of the Laws of 1896, as amended by chapter 558, Laws of 1901, required to be paid by foreign corporations doing business in this state, until July 3, 1902, at which time the license fee was paid. These allegations were set forth both in the answer and supplemental answer. The plaintiff thereupon demurred separately to the answer and supplemental answer upon the ground that these allegations were insufficient in law to constitute a defense.

Section 181 of the Tax Law, as amended by chapter 558 of the Laws of 1901, provides that every foreign corporation, except certain companies specifically mentioned, "shall pay to the state treasurer, for the use of the state, a license fee of one-eighth of one per centum for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this state, to be computed upon the basis of the capital stock employed by it within this state, during the first year of carrying on its business in this state; and if any year thereafter any such corporation shall employ an increased amount of its capital stock within this state, the same license fee shall be due and payable upon any such increase. The tax imposed by this section on a corporation not heretofore subject to its provisions shall be paid on the first day of December, nineteen hundred and one, to be computed upon the basis of the amount of capital stock employed by it within the state during the year preceding

such date, unless on such date such corporation shall not have employed capital within the state for a period of thirteen months in which case it shall be paid within the time otherwise provided by this section. No action shall be maintained or recovery had in any of the courts in this state by such foreign corporation without obtaining a receipt for the license fee hereby imposed within thirteen months after beginning such business within the state, or if at the time this section takes effect such a corporation has been engaged in business within this state for more than twelve months, without obtaining such receipt within thirty days after such tax is due."

The Laws of 1895 (Ch. 240) provide that the license fee to be paid by foreign corporations " shall be fixed by the comptroller, who shall have the same authority to examine the books and records in this State of such foreign corporations, and the employees thereof, and the same power·to issue his warrant for the collection of such taxes, as he now has with regard to domestic corporations."

We have recently held in the case of *Wood & Selick* v. *Ball* (190 N. Y. 217) that the neglect to pay the license fee assessed under section 181 of the Tax Law is a matter of defense and must be alleged in the answer. Under the statute to which we have alluded it becomes the duty of the comptroller to fix the amount and then it must be paid within thirty days thereafter. It will be observed that the defendant has failed to allege, either in its amended or supplemental answer, that the amount of the license fee had been assessed by the comptroller and that more than thirty days had elapsed before the fee was paid on July 3rd, 1902. I am, therefore, of the opinion that the defense interposed was insufficient in law and that the demurrer should have been sustained.

Upon the argument of this appeal it was contended that the statute had no application to an assignee of a foreign corporation. We think that the assignee has no greater rights than the corporation itself and that the defense available against the corporation under the statute would also be good

as against the assignee except as to negotiable paper taken in good faith from the corporation before maturity.

The orders should be reversed and the demurrer sustained, with costs in all courts, and the first three questions certified answered in the negative. We do not deem it necessary to now answer the fourth.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, VANN, HISCOCK and CHASE, JJ., concur.

Orders reversed, etc.