[No. 10490.   Department One.   January 3, 1913.]

PACIFIC DRUG COMPANY, *Respondent*, v. J. J. HAMILTON, *Appellant*.[1]

CORPORATIONS—ACTIONS—CONDITIONS PRECEDENT—PROOF. The corporate existence and prepayment of license fee, as a prerequisite to suit by a corporation, may be established by oral evidence, notwithstanding Rem. & Bal. Code, §§ 3682 and 3715, providing for *"prima facie"* proof by the certificate of the secretary of state.

TRIAL—EVIDENCE—OBJECTION—PRIMA FACIE PROOF. In an action upon an account assigned by a corporation, an assignment to plaintiff purporting to have been executed by the assistant treasurer of the corporation, is admissible as against the objection "that it did not tend to establish any of the allegations of the complaint."

CORPORATIONS—ACTION BY ASSIGNOR OF CORPORATION—ASSIGNED ACCOUNT. In an action upon an account assigned by a corporation, it is not a necessary prerequisite to prove the corporate existence and payment of the license fee of the assignor, which the statute makes a prerequisite to suit by the corporation, where there was *prima facie* proof of the assignment.

CORPORATIONS—REPRESENTATION—ASSIGNMENT BY OFFICER—EVIDENCE. An assignment of an account by a corporation executed by its assistant treasurer, is *prima facie* proof of the assignment.

PARTNERSHIP—SALES—PARTNERS—LIABILITY OF PARTNERS—SALES TO FIRM. An undisclosed partner in a contract to purchase goods is liable on the sale, regardless of whether the sale was made upon the faith of his credit or with knowledge of the partnership relation.

Appeal from a judgment of the superior court for King county, Myers, J., entered February 3, 1912, upon findings in favor of the plaintiff, in an action on contract, after a trial to the court. Affirmed.

*Harrison B. Martin*, for appellant.

*Trefethen & Grinstead*, for respondent.

PARKER, J.—This is an action to recover, upon one cause of action, the purchase price of goods sold and delivered by the plaintiff, Pacific Drug Company of Seattle, to the defend-

[1]Reported in 128 Pac. 1069.

ant; and also to recover upon another cause of action the purchase price of goods sold and delivered by Lowman & Hanford Company of Seattle, to the defendant, the claim of the latter being assigned to the plaintiff before the commencement of the action. The trial was before the court without a jury. The defendant moved for nonsuit at the close of the plaintiff's evidence; which motion being denied, he rested without offering any evidence, and thereupon findings and judgment were entered against him, from which he has appealed.

The only evidence introduced to prove the corporate existence of respondent, and the payment of its license fee, was the testimony of P. S. Norton, who testified that he was then its president; that it was then a Washington corporation, and that its license fee was then paid. Counsel for appellant contends that this was not competent proof of the corporate existence of respondent, nor of the payment of its license fee. Counsel seem to rely upon §§ 3682 and 3715, Rem. & Bal. Code, which provide for making "*prima facie*" proof of corporate existence and payment of the license fee by certificate of the secretary of state. Neither of these sections, however, makes this mode of proof exclusive. We have heretofore held that corporate existence may be proven by oral testimony. *Yakima Nat. Bank v. Knipe*, 6 Wash. 348, 33 Pac. 834; *National Bank of Commerce v. Galland*, 14 Wash. 502, 45 Pac. 35; *Stanford Land Co. v. Steidle*, 28 Wash. 72, 68 Pac. 178; *State v. Pittam*, 32 Wash. 137, 72 Pac. 1042; and that payment of license fee may be proven in the same manner; *Miller & Sons v. Simmons*, 67 Wash. 294, 121 Pac. 462. We conclude that Mr. Norton's testimony was sufficient to show the corporate existence of respondent, and also that its license fee had been paid.

Counsel for appellant also contend that the second cause of action must fail for want of proof of the corporate existence of Lowman & Hanford Company and payment of its license fee. While the corporate existence of Lowman & Hanford

Company is alleged in the complaint, we do not find in the record any evidence thereof, except such inference, possibly binding upon appellant, as may be drawn from the fact that the goods were purchased from Lowman & Hanford Company under that name, which it may be said suggests a dealing with it on the part of appellant as a corporation, and therefore obviates the necessity of proof of its corporate existence by respondent as against appellant. However this may be, there was introduced in evidence an assignment of the account of Lowman & Hanford Company here sued upon to the respondent, purporting to have been executed by its assistant treasurer. The only objection made to the introduction of this assignment in evidence was that "it does not tend to establish any of the allegations of the complaint." It clearly was admissible as against such a general objection, and was at least *prima facie* proof of the fact that Lowman & Hanford Company parted with the right to receive payment from appellant for the goods, whether it was a corporation, a partnership, or an individual doing business under that name. That concern, whatever its legal status, is not suing in this action, and we think that, in view of the *prima facie* showing of the assignment of its interest in the account to the respondent, the question of its corporate existence becomes of no further consequence here. There is no question here involved as to Lowman & Hanford Company's right to maintain an action as a corporation. We are only concerned with the question of that concern having assigned its claim to respondent, which we think the proof *prima facie* shows. The fact that that concern is not suing in this action also obviates the necessity of our inquiring into the question of the payment of its license fee as a corporation.

Respondent sought recovery from appellant upon the theory that he was at all the times involved a partner in the concern to which the goods were sold and delivered by respondent and Lowman & Hanford Company, the goods being sold and delivered by them to a concern doing business in

Alaska under the name of Red Cross Drug Company. The challenge of appellant's counsel to the sufficiency of the evidence, except as to the questions we have before noticed, relates only to the alleged insufficiency of the evidence to prove this partnership relation of appellant in the Red Cross Drug Company. We deem it sufficient to say that a careful reading of the evidence convinces us that such relation was fully established thereby, especially in view of statements made in letters addressed by appellant to respondent and by appellant to one Mrs. King, his partner in the business conducted under the name of Red Cross Drug Company. We not only find in these letters expressions clearly indicating his partnership relation, but in one of them he speaks of "my share of the profits," clearly referring to his contemplated share of profits in the business.

Counsel for appellant make some contention upon the theory that neither respondent nor Lowman & Hanford Company extended credit to the Red Cross Drug Company, for the goods sold, upon the faith of appellant's being a partner in the business conducted under that name, and that neither knew until after the sale and delivery of the goods that appellant was such partner. This action was not prosecuted by respondent upon the theory that appellant made a direct personal promise to pay for the goods, either before or after their sale and delivery; but upon the theory that he was in fact a partner in the business when the goods were sold and delivered, and thereby became liable through the purchase and receipt of the goods by the Red Cross Drug Company. Since appellant has been found to be such partner, it is immaterial that respondent and Lowman & Hanford Company did not know he was such partner at the time of the sale of the goods to the Red Cross Drug Company. The rule applicable to such cases seems to be well settled, as stated in the text of 30 Cyc. 532, as follows:

"The rule that an undisclosed principal is liable for contracts made, or goods purchased, or benefits secured for him

by his agent, applies to a case where there is an undisclosed or dormant partner."

There is no controversy here as to the goods being sold to the Red Cross Drug Company by respondent and Lowman & Hanford Company, nor as to the amounts due therefor. Other suggested errors, we think, do not require further notice.

The judgment is affirmed.

MOUNT, C. J., CHADWICK, GOSE, and CROW, JJ., concur.