AMERICAN LITHOGRAPHIC COMPANY *vs.* CHARLES L. ZIEGLER &
others.

Suffolk.    November 11, 12, 1913. — January 8, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Assignment.    Conflict of Laws.*

Where there is an assignment in writing of all the assignor's interest in a contract,
by which such assignor has agreed with a dealer in certain goods to insert the
dealer's advertisement in a new magazine which the assignor proposes to pub-
lish, and of "all benefits to accrue thereon," although the obligation of the
assignor to the dealer to publish the proposed magazine is a personal one
which cannot be transferred by assignment without the dealer's assent, yet, if
the publication is made by the assignor in accordance with his contract, the
portion of the instrument assigning the right to receive the money to be paid
for such publication is valid and binding, and can be enforced against the
dealer by the assignee.
The right of an assignee of a chose in action to bring an action in his own name
depends upon the law of the forum.
An assignment in writing of the right to receive the money thereafter to be
earned by the assignor under a certain contract, which is unperformed when
the assignment is made, is within the provision of R. L. c. 173, § 4, permit-
ting the assignee of a chose in action to maintain an action thereon in his own
name.

LORING, J.   This is an action upon a written contract by which
the defendants, doing business under the name of the Chester
Suspender Company, agreed to pay one Klausner $600 for a two-
page advertisement of Chester suspenders, in a new magazine
which Klausner was then proposing to publish.   The contract
sued on was dated October 8, 1909, and on October 30, 1909,
Klausner executed and delivered to the plaintiff an assignment of
it in these words: "In consideration of One Dollar, the receipt of
which is hereby acknowledged, I hereby sell, assign and transfer,
unto American Lithographic Company, all my right, title and in-
terest in and to this contract, and all benefits to accrue thereon."
On the same day (October 30, 1909), Klausner notified the defend-
ants that he had assigned "your order" to the plaintiff, who would
"render bill."   When the stipulated publication had been made,
the plaintiff sent the defendants a bill which they refused to pay

on the ground that the magazine published was not what Klausner agreed that it should be.

At the trial the defendants also set up the defense that the work of getting up and publishing the proposed new magazine was a personal undertaking to be performed by Klausner, and so not a contract which could be assigned before performance; that the assignment made was an assignment of the right to perform the contract as well as an assignment of the amount due when the contract had been performed, and so was invalid.

But there was no evidence that the plaintiff undertook to act upon that part of the assignment which entitled it to publish the proposed magazine. The evidence was uncontradicted that this was done by Klausner. One of the defendants testified that they knew of the proposed assignment to the plaintiff, and that they understood "that it was a sort of security so that they [the plaintiff] would get their money for it [the printing]."

In this state of the evidence the presiding judge * instructed the jury "that that assignment was an assignment that could be made by Klausner to the Lithograph Company. It was for the purpose, as the papers in the case show — and it is not in dispute — of securing the Lithograph Company for the expense of printing. Now you will treat this case just the same as if Klausner was suing the partnership consisting of the two Zieglers and Van der Pyl . . .; so I repeat, you will try this case just the same as if Klausner were suing the Chester Suspender Company, which consists of the three men who appeared here on the stand."

Had there been any evidence that the plaintiff had undertaken under this assignment to do the work which Klausner was to do under the original contract with the defendants, this instruction would have been wrong. But there was no such evidence in the case. The plaintiff and Klausner never had acted under that clause in the assignment; they had acted under the other clause by which Klausner assigned to the plaintiff "all benefits to accrue [to him] thereon."

To find for the plaintiff as they did the jury under this charge had to find that Klausner had performed his contract with the defendants. In other words, the jury had to find that those things had taken place which the defendants contended ought to have

---

* *Aiken,* C. J.

taken place to make them liable under the contract to some one. The defense now insisted on is purely technical. It is this: That although the assignment contained a clause which carried to the plaintiff as assignee the money due under their contract with Klausner, it (the assignment) contained another clause which undertook to give the plaintiff a right to do what Klausner was to do under the original contract, and that that clause is void. Their contention is that the existence of this void clause in the assignment, although never acted upon by the parties to it, renders the other clause of the assignment void. We are of opinion that the contention is not sound.

The right of the plaintiff to bring this action as assignee in its own name depends upon the law of the forum. See, for example, *Leach* v. *Greene,* 116 Mass. 534. The first ruling asked for was rightly refused.* The view which we have taken of the case renders the other rulings immaterial. We have found nothing in the cases cited by the defendants which requires notice.

We are of opinion that a written assignment of money to be due under a contract made before performance is within R. L. c. 173, § 4.

*Exceptions overruled.*

*E. V. Grabill,* for the defendants.
*V. J. Loring,* (*J. P. Sylvia, Jr.,* with him,) for the plaintiff.

---

* The first ruling asked for was as follows: "1. The construction, validity and effectiveness of the assignment from Klausner to the plaintiff are to be determined by the law of the State of New York."