[No. 20769.  Department One.  October 20, 1927.]

THOMAS MARSHALL, *Appellant*, v. R. D. PIKE *et al.*,
*Respondents.*[1]

[1] CORPORATIONS (193)—ACTIONS—CAPACITY TO SUE—LICENSE FEE —ASSIGNMENT OF CLAIM. In an action on an account assigned to plaintiff by a corporation, an answer that the corporation had not paid its license fee at the time of the assignment or since, does not overcome the *prima facie* showing of the assignment of its interests to the plaintiff, and it is error to grant judgment on the pleadings in favor of the defendants, on the theory that the corporation was maintaining the suit without payment of its license fee in violation of Rem. Comp. Stat., § 3842.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered March 30, 1927, upon the pleadings in favor of the defendants, dismissing an action on contract. Reversed.

*Van C. Griffin*, for appellant.

*Frank C. Neal, L. R. Bonneville*, and *B. D. Scott*, for respondents.

MITCHELL, J.—The plaintiff, Thomas Marshall, alleged in his amended complaint that the defendants

became indebted to Lowry & Pike, Inc., a Washington corporation, on account of money loaned and other items, specified in the pleading, that were unpaid and that, for a valuable consideration, the corporation, by its writing, duly assigned the account to the plaintiff who demanded judgment. Among other things, it was alleged in the answer that, at the time of the assignment of the claim, at the time of the commencement of the action, and at all times since, the corporation had not paid its last annual license fee due to the state; and that, because of that fact, the corporation could not have sued had there been no assignment, and that the plaintiff as assignee of the claim has no greater rights, and therefore was not entitled to commence or maintain the action. To this, the plaintiff replied in such manner that he admitted, in legal effect, the allegation that the corporation had not paid its last annual license fee. The defendants thereupon moved for a judgment on the pleadings. The motion was granted, and the plaintiff has appealed from a judgment in favor of the defendants dismissing the action.

[1] The statutory provision relied on in support of the judgment is a part of Rem. Comp. Stat., § 3842 [P. C. § 4647], as follows:

"No corporation shall be permitted to commence or maintain any suit, action or proceeding in any court of this state, without alleging and proving that it has paid its annual license fee last due."

This statute has been discussed and construed from many angles in our former cases, only one of which is in point upon the question here. That was the case of *Pacific Drug Co. v. Hamilton,* 71 Wash. 469, 128 Pac. 1069. In that case, Lowman & Hanford Company, alleged to be a corporation, had assigned to the plaintiff a claim against the defendant which the assignee as plaintiff in the action set up as a cause of action.

Answering the contention that the action must fail for want of proof of the corporate existence of Lowman & Hanford Company and the payment of its last annual license fee, this court, in affirming the judgment of the trial court in favor of the plaintiff, said:

"That concern [Lowman & Hanford Company], whatever its legal status, is not suing in this action, and we think that, in view of the *prima facie* showing of the assignment of its interest in the account to the respondent, the question of its corporate existence becomes of no further consequence here. There is no question here involved as to Lowman & Hanford Company's right to maintain an action as a corporation. We are only concerned with the question of that concern having assigned its claim to respondent, which we think the proof *prima facie* shows. The fact that that concern is not suing in this action also obviates the necessity of our inquiring into the question of the payment of its license fee as a corporation."

Reversed.

MACKINTOSH, C. J., PARKER, TOLMAN, and FRENCH, JJ., concur.