GEORGE S. LEWIS & others *vs.* THE CLUB REALTY COMPANY.

Hampden. September 24, 1928. — October 9, 1928.

Present: RUGG. C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Assignment. Contract,* Assignment, Building contract. *Corporation,* Foreign. *Pleading, Civil,* Plea in abatement.

The provisions of G. L. c. 231, § 5, give a new remedy but do not change nor affect the substantive rights of parties as they existed at common law: the same defences are open to the defendant in abatement and on the merits as were open at common law in an action brought by or in the name of the assignor.

One who has become the assignee of the rights under a building contract of a foreign corporation which has not complied with G. L. c. 181, §§ 3, 5, cannot maintain an action on the contract in this Commonwealth although he took the assignment in good faith, for a valuable consideration, and not for the purpose of evading the provisions of the statute; and, upon a plea in abatement setting up a defence under that statute, the defendant is entitled to judgment.

CONTRACT for $54,401.35 by assignees of The Patterson-King Corporation.   Writ dated October 15, 1924.

A plea in abatement, described in the opinion, was heard in the Superior Court by *Lummus*, J., and was overruled. The defendant alleged exceptions.

The case was submitted on briefs.

*G. A. Bacon*, for the defendant.

*J. B. Ely & W. A. McDonough*, for the plaintiffs.

RUGG, C.J.   The plaintiffs bring this action of contract as assignees of the Patterson King Corporation, a foreign corporation engaged in the general contracting business in, and organized under the laws of, the State of New York. The purpose of the action is to recover the balance alleged to be due under a contract between that corporation and the defendant, a corporation organized under the laws of this Commonwealth, "for the lay out and construction of certain premises and buildings of the defendant" at Longmeadow within this Commonwealth.   The defendant filed a plea in abatement to the effect that the assignor of the plaintiffs as a foreign corporation with a usual place of business within this Commonwealth had not complied with the provisions of G. L. c. 181, §§ 3 and 5, and that therefore the action could not be maintained in our courts.   It has been found after hearing that the facts thus pleaded are true, and that the assignment was made in good faith upon valuable consideration and not for the purpose of evading the statute.   Upon these findings the plea in abatement was overruled, manifestly on the ground that as matter of law the assignees were not barred by the statute from maintaining the action.   The correctness of that ruling is the only point for decision.

It is provided in effect by G. L. c. 181, §§ 3 and 5, that a foreign corporation, engaged in this Commonwealth in the

construction of a building or structure of any kind, shall appoint the commissioner of corporations and taxation its agent for the service of process, and shall file with such commissioner a copy of its charter and by-laws and other specified information. It further is provided by § 5 that failure by such foreign corporation to comply with these sections "shall not affect the validity of any contract with said corporation, but no action shall be maintained or recovery had in any of the courts of this Commonwealth by any such foreign corporation so long as it fails to comply with said sections." The prohibition against the maintenance of an action in our courts by a foreign corporation in default in conforming to the requirements of the statute as to its doing business here was not enacted until St. 1903, c. 437, § 60. Hence earlier decisions permitting the maintenance of such suits are no longer applicable and need not be discussed. *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank*, 196 Mass. 458, 459, 460, where those cases are collected and where the meaning and scope of the quoted clause from said § 5 (then St. 1903, c. 437, § 60) were set forth at some length.

The validity of the statute restricting the right of foreign corporations to sue in the courts of this Commonwealth, if interstate commerce be not burdened, is not open to doubt. No question of interstate commerce is here involved. *Interstate Amusement Co.* v. *Albert*, 239 U. S. 560, 568.

Plainly the foreign corporation itself could not maintain the action in its own name. It would be plain also that an assignee taking with notice could not maintain an action. To permit that to be done would in effect nullify the statute.

Whether an innocent assignee for value may maintain the action depends upon further considerations. The contract here in suit is not negotiable. It is not governed by the law of negotiable instruments. *Baker* v. *Davie*, 211 Mass. 429, 437. The right to collect money due on the contract is a chose in action. According to the common law of this Commonwealth the assignee of a chose in action, in the absence of a direct promise to himself from the debtor, cannot maintain an action in his own name, but may do so

in the name of his assignor. *Leach* v. *Greene,* 116 Mass. 534, 536. The right of an assignee to bring an action in his own name depends upon the law of the forum. *American Lithographic Co.* v. *Ziegler,* 216 Mass. 287, 289. The plaintiffs rest their right to maintain this action upon G. L. c. 231, § 5, which is in these words: "The assignee of a non-negotiable legal chose in action which has been assigned in writing may maintain an action thereon in his own name, but subject to all defences and rights of counter-claim, recoupment or set-off to which the defendant would have been entitled had the action been brought in the name of the assignor." It is solely by virtue of this statutory authority that the plaintiffs can bring an action in their own names. That authority must be exercised subject to the specified limitations. This statute gives a new remedy but does not change or affect the substantive rights of the parties as they existed at common law. *Levenbaum* v. *Hanover Trust Co.* 253 Mass. 19, 24. The fair construction of this statute, in our opinion, is that the defendant may plead any defence available in abatement, as well as any defence existing as to the merits. The manifest design of this statute in general is that the assignee must stand in the shoes of the assignor as to proceedings in court. He cannot be in any better position than the assignor. The alleged debtor cannot be put in any worse condition than if the original contractor were suing in his own name and right. The weight of authority is that, even apart from statute, a defence like this is open to an alleged debtor in an action by an assignee of such foreign corporation. *Halsey* v. *Henry Jewett Dramatic Co.* 190 N. Y. 231, 234. *Hogan* v. *Intertype Corp.* 136 Ark. 52. *Union Stock Yards National Bank of South Omaha* v. *Bolan,* 14 Idaho, 87. See cases collected in 14A C. J. 1305, note 43. The statute upon which the plaintiffs must rely gives emphasis to the view expressed in these decisions.

There is nothing in *Thornley* v. *J. C. Walsh Co.* 200 Mass. 179, or in *MacKeown* v. *Lacey,* 200 Mass. 437, to support the contention of the plaintiffs.

*Exceptions sustained.*