ASSOCIATION COLLECTORS, INC., *Respondent*, v. MORRIS
HARDMAN *et al., Appellants.*[1]

*Edward Starin*, for appellants.
*Matthew Stafford*, for respondent.

BLAKE, C. J.,—The plaintiff, as assignee of John
Lucas & Co., Inc., brought this action on an account
stated. By way of affirmative defense, defendants
alleged that John Lucas & Co., Inc., was a Delaware
corporation and that the transactions out of which
the account arose

" . . . were transactions which took place be-
tween the said John Lucas & Co., Inc., doing business
within the state of Washington . . . and the de-
fendant, within the state of Washington.

"That at no time . . . did the said John Lucas
& Co., Inc., . . . qualify to do business as such
within the state of Washington; nor did the said John
Lucas & Co., Inc., pay the corporate license fee re-

[1]Reported in 98 P. (2d) 318.

quired of foreign corporations doing business within the state of Washington . . . and at no time . . . did the said John Lucas & Company, Inc., comply with the statutes of the state of Washington relative to foreign corporations doing business within the state of Washington."

The case is here upon the findings of the trial court upon which judgment was entered in favor of the plaintiff.

Among others, the trial court made the following findings:

"That the plaintiff is the Assignee *for collection* of the claim of John Lucas & Co., Inc., against the defendants, which claim is more particularly hereinafter set forth. . . .

"That at all times . . . John Lucas & Co., Inc., a Delaware corporation, . . . was doing business in the state of Washington, during which period said John Lucas & Co., Inc., paid no fees to the state of Washington; *and during said time failed to comply with Washington statutes relative to foreign corporations doing business in Washington;* that the transactions between John Lucas & Co., Inc., and defendants out of which the above described indebtedness arose were intra state transactions . . ."

■ Under the findings, the sole question to be determined is whether plaintiff, as assignee, may maintain the action which could not be maintained by its assignor by reason of the latter's failure to comply with the laws of this state with respect to the privilege of foreign corporations to carry on intrastate business.

But for two of our own decisions, there could be no doubt about the answer. For it is generally, if not universally, held that the assignee cannot maintain an action in cases where the foreign corporation, by reason of failure to comply with the laws of the forum, could not maintain the action. 17 Fletcher Cyc. Corporations, § 8523; 14a C. J. 1305; *Halsey v. Henry Jewett*

*Dramatic Co.,* 190 N. Y. 231, 83 N. E. 25, 123 Am. St. 546; *Dean v. Caldwell,* 141 Ark. 38, 216 S. W. 31; *Lewis v. Club Realty Co.,* 264 Mass. 588, 163 N. E. 172; *Union Stock Yards Nat. Bank v. Bolan,* 14 Idaho 87, 93 Pac. 508, 125 Am. St. 146; *New State Land Co. v. Wilson,* 150 S. W. (Tex. Civ. App.) 253; *Flinn v. Gillen,* 320 Mo. 1047, 10 S. W. (2d) 923. These holdings are based upon a principle that has always been regarded as axiomatic: That the rights of an assignee to recover upon choses in action and nonnegotiable contracts is coextensive with that of the party from whom he takes, but no greater. *National Bank of Commerce v. Pick,* 13 N. D. 74, 99 N. W. 63. The principle is just as applicable with respect to a plea in abatement as with respect to a plea upon the merits. *Lewis v. Club Realty Co., supra.*

But respondent asserts that we have held otherwise in the cases of *Pacific Drug Co. v. Hamilton,* 71 Wash. 469, 128 Pac. 1069; and *Marshall v. Pike,* 145 Wash. 348, 260 Pac. 531. It must be admitted that the assertion is at least partially well founded. For, explicitly in the *Marshall* case and by implication in the *Pacific Drug Co.* case, it is held that a plea in abatement, good as against an assignor corporation, will not bar an action by its assignee. But it does not follow that the cases are of compelling authority in deciding the case at bar.

It is true that, in those cases, an assignee in each instance was allowed to maintain an action which could not have been maintained by the assignor corporation because of its failure to pay its annual license fee in compliance with Rem. Rev. Stat., § 3842 [P. C. § 4647]. There is a feature common to both those cases which, to our minds, distinguishes them from the case at bar. The assignor in each case was a domestic corporation which, so far as the record shows, had complied with all laws relating to its corporate status save Rem. Rev.

Stat., § 3842. (Parenthetically, we may say that, notwithstanding it was said in the *Pacific Drug Co.* case that the question of the corporate existence of Lowman & Hanford Company, the assignor, was of no consequence, an examination of the record in that case discloses that the trial court found as a fact that Lowman & Hanford Company was a Washington corporation.) In other words, all that prevented the assignor corporation in each of those cases from maintaining the action itself was its failure to pay its annual license fee. But here the assignor corporation not only has failed to pay an annual license fee, but has failed to comply with any of the laws prerequisite to the right of foreign corporations to engage in intrastate business. Without rendering itself amenable to the laws of this state, it nevertheless asks the protection of the state's courts. To admit the assignee's right to maintain this action would, in effect, permit a foreign corporation, in contravention of Art. XII, § 7 of the constitution, to transact business in the state on more favorable conditions than are prescribed by law to similar corporations organized under the laws of this state.

Accepting the principle laid down in *Pacific Drug Co. v. Hamilton* and *Marshall v. Pike* as correct, under Rem. Rev. Stat., § 191 [P. C. § 8272], with respect to the right of an assignee to maintain the action when the assignor, a domestic corporation, could not, we think it would be against public policy to extend the same right to the assignee of a foreign corporation which has not complied in any respect with the laws of this state.

The judgment is reversed, and the cause remanded with directions to dismiss the action.

MAIN, GERAGHTY, and BEALS, JJ., concur.

MILLARD, J., concurs in the result.

STEINERT, J. (dissenting)—Whatever may be the rule in the majority of states with respect to the limitations upon the rights of assignees to sue upon nonnegotiable contracts, this court has held, without exception, that, in an action upon an account assigned by a corporation, it is not a necessary prerequisite to prove either the corporate existence of the assignor or the payment by the assignor of its annual corporate license fee. *Pacific Drug Co. v. Hamilton,* 71 Wash. 469, 128 Pac. 1069; *Marshall v. Pike,* 145 Wash. 348, 260 Pac. 531. The majority opinion concedes that in each of those cases the assignee was allowed to maintain an action which could not have been maintained by the assignor corporation because of its failure to pay its annual license fee in compliance with Rem. Rev. Stat., § 3842.

The majority opinion, however, distinguishes the cases just cited from the case at bar, on the ground that, in the former, there were involved *domestic* corporations which, though failing to pay their annual license fees, had complied with all the laws relating to their corporate status, while, in the present case, the assignor had failed in both respects. Conceding that there is such a distinction, in point of fact, between those cases and this, it does not seem to me that the distinction should make any difference in the result.

In the *Pacific Drug Co.* case, *supra,* we said:

"That concern [the assignor corporation], whatever its legal status, is not suing in this action, and we think that, in view of the *prima facie* showing of the assignment of its interest in the account to the respondent [plaintiff], the question of its corporate existence becomes of no further consequence here."

Since, in the case at bar, the corporation has assigned its interest in the account, its corporate existence, whether foreign or domestic, is, likewise, of no further consequence in this action.

It must be remembered, too, that in this state an assignment for the purpose of collection is regarded as an assignment for a valuable consideration. *McDaniel v. Pressler*, 3 Wash. 636, 29 Pac. 209; *Washington State Bar Ass'n v. Merchants Rating & Adj. Co.*, 183 Wash. 611, 49 P. (2d) 26.

The reason given for the rule laid down in the majority opinion is that the rights of an assignee are coextensive with those of the party from whom he takes, but no greater; or, as it is sometimes expressed, "the assignee of a chose in action stands exactly in the shoes of his assignor." The same reason, however, would be equally controlling of the assignee's right to recover in an action, such as this, where the assignor had not paid its annual license fee. Since the reason for the rule as above expressed has a universal application, the point at which the rule itself ceases to be applied should likewise be constant. According to the cases above cited, the point at which the rule loses its application is when the corporation assigns its account, whether for collection or for some substantial money consideration; beyond that point, the status of the assignor and the inhibitions upon it are of no further consequence.

Since the cases announcing the rule in this state have not been overruled in the majority opinion, I think that they should be followed in this case. I therefore dissent.

ROBINSON, SIMPSON, and JEFFERS, JJ., concur with STEINERT, J.