[No. 29117. Department Two. November 29, 1943.]

W. R. FOLLETT, *Respondent,* v. HENRY A. CLARK, *as Administrator, Appellant.*[1]

*J. D. McMannis* and *Brown & Huneke,* for appellant.

*J. P. Burson,* for respondent.

BLAKE, J.—This is an action on a promissory note executed by the deceased to the Citizen's State Bank of Tekoa as payee. From judgment for plaintiff, defendant appeals.

In 1931, the Citizen's bank merged with another bank. It thereafter ceased to perform the ordinary functions of banking. It retained certain assets, however, among which was a note executed by deceased sometime prior to the merger. It continued to pay its annual license fees until 1936. Although it failed to pay license fees for 1936 and subsequent years, the secretary of state did not enter a notation of its dissolution upon the records of her office until July 1, 1940.

On October 7, 1935, the board of directors of the bank held a meeting "for the purpose of finding a means of collecting old accounts and notes." Pursuant to a decision reached at that meeting, "the following accounts were given to W. R. Follett for collection and handling: . . . Jack Clark [Jesse B. Clark]. . . ."

On January 6, 1936, Follett obtained a renewal note to the bank as payee, which bears the following endorsement:

"Pay to the order of W. R. Follett, for collection, pursuant to resolution of Trustees of Citizens State Bank of Tekoa, dated October 7, 1935.

           "Citizens State Bank of Tekoa
           "By H. M. Cole
                      "Secretary."

Clark died March 28, 1938. Administration of his estate was initiated January 2, 1941. Within six months from the first publication of notice to creditors, Follett filed a claim based upon the note. Upon rejection of the claim by the administrator, he brought this action.

At appropriate times, appellant challenged respondent's right to maintain the action. The contention is that,

since the Citizen's State Bank was dissolved July 1, 1940, it lost its capacity to sue. It is argued that, since the indorsement is restrictive in contemplation of Rem. Rev. Stat., § 3427 [P. C. § 4107], the indorsee, in view of the limitations of Rem. Rev. Stat., § 3428 [P. C. § 4108], could only "bring any action thereon that the indorser could bring." The former statute provides: "An indorsement is restrictive, which . . . constitutes the indorsee the agent of the indorser; . . ." So far as pertinent, § 3428 defines the rights of a restrictive indorsee as follows: "A restrictive indorsement confers upon the indorsee the right . . . to bring any action thereon that the indorser could bring; . . ."

Under these statutory provisions, it is clear that, if Follett holds the note by virtue of the indorsement, he could not maintain the action unless the Citizen's State Bank could have brought it. Seeming to concede this, respondent insists that the Clark *account* was assigned to him for "collection and handling" by the bank directors at their meeting of October 7, 1935; that the bank then was a going concern and could have maintained an action on the note; that the bank's right of action passed to him under the assignment as of that date; that his right of action was unaffected by any subsequent dissolution of the bank.

For the purposes of this case, the validity of the argument may be conceded. The claim was based expressly upon the note and indorsement. The cause of action rests upon the claim filed in the probate proceedings. *Dillabough v. Brady*, 115 Wash. 76, 196 Pac. 627. The character of the cause of action is determined by the character of the claim filed. 3 Bancroft's Probate Practice, p. 1536, §§ 896, 897; *Zuhn v. Horst*, 100 Wash. 359, 170 Pac. 1033; *Etchas v. Orena*, 127 Cal. 588, 60 Pac. 45; *Vanderpool v. Vanderpool*, 48 Mont. 448, 138 Pac. 772.

The only action, therefore, which respondent could maintain is upon the note. Respondent being a restrictive indorsee, it follows that his right to maintain a suit on the

note is dependent on the right of his indorser (Citizen's State Bank) to bring an action on it.

By the express terms of Rem. Rev. Stat. (Sup.), § 3836-14 [P. C. § 4656-64], the bank was effectually dissolved by the notation made upon her records by the secretary of state on July 1, 1940. We have held, however, that a corporation so dissolved by the secretary of state for nonpayment of annual license fees may be sued during the period that it may be reinstated by compliance with § 3836-14. *National Grocery Co. v. Kotzebue Fur, etc., Co.,* 3 Wn. (2d) 288, 100 P. (2d) 408. But a corporation in such plight cannot affirmatively maintain an action. *Gamble v. Alder Group Mining & Smelting Co.,* 5 Wn. (2d) 578, 105 P. (2d) 811. Its rights to function in a corporate capacity are suspended (*National Grocery Co. v. Kotzebue Fur, etc., Co., supra*), and title to its property passes to its trustees "for the benefit of its creditors and stockholders to be disposed of under appropriate court proceedings." Rem. Rev. Stat. (Sup.), § 3836-15 [P. C. § 4656-65]. That the Clark note was an asset of the Citizen's State Bank is not open to question. Upon dissolution of the bank, title to the note passed to the trustees. Whether respondent holds the note as indorser or assignee of the Clark account, he holds it for "collection and handling" only.

As sustaining his right to maintain the action, respondent cites *Pacific Drug Co. v. Hamilton,* 71 Wash. 469, 128 Pac. 1069, and *Marshall v. Pike,* 145 Wash. 348, 260 Pac. 531. In each of those cases, the assignee of a chose in action was permitted to maintain suit on the assigned account notwithstanding his assignor, a corporation, could not have brought an action by reason of disability under Rem. Rev. Stat. (Sup.), § 3836-12 [P. C. § 4656-62], for failure to pay its annual license fee. The assignor corporation was a going concern. Its corporate functions had not been abrogated by dissolution. It still held title to and control of its property. We think the facts in both of the cases are so different from the facts in the instant case as to make the rule there laid down inapplicable here.

In any event, to apply the rule of those cases to the facts now presented would amount to an unjustifiable extension of it and necessitate the overruling of *Gamble v. Alder Group Mining & Smelting Co., supra.* We think the rule laid down in that case is correct, and we have no inclination to depart from it. By reason of its dissolution, the Citizen's State Bank could not have brought an action on the note in controversy; consequently, respondent, being the bank's indorsee for collection, cannot maintain a suit on it. Rem. Rev. Stat., § 3428.

The judgment is reversed and the cause remanded, with direction to dismiss the action.

SIMPSON, C. J., MILLARD, ROBINSON, and MALLERY, JJ., concur.