### HUGILL v. O'HARRA TRANSP. CO., Inc.
### No. A–4397.

District Court of Alaska. Third Division. Anchorage.
Dec. 1, 1947.

McCutcheon & Nesbett, of Anchorage, Alaska, for plaintiff.

Davis & Renfrew, of Anchorage, Alaska, for defendant.

DIMOND, District Judge.

The plaintiff, as assignee of Alaska Sawmill Company, a domestic corporation, now dissolved, brought this action to recover from the defendant a balance of $1,490.96, with interest from December 4, 1941, which plaintiff claims to be due to him from the defendant under a written building construction contract entered into and completed in the year 1941.

Defendant first filed a demurrer to the complaint upon the ground that plaintiff is without legal capacity to sue because it appears upon the face of the complaint that the plaintiff's action is based on an assigned claim of the Alaska Sawmill Company, a domestic corporation, and the complaint fails to state that such corporation has paid its annual corporation tax last due, or has filed its annual report in the manner provided by law, or has appointed any statutory agent, or otherwise complied with the law concerning the duties of corporations before suits can be instituted or

maintained on behalf of such corporations. The demurrer was overruled and an answer filed denying the plaintiff's claim on its merits, and suitably pleading as affirmative defenses the failure of Alaska Sawmill Company to pay license taxes and to file annual reports as required by law, and the resultant action of the Auditor in striking the corporation from the records of his office.

The plaintiff in reply to the affirmative defenses stated in defendant's answer, admitted substantially all of the averments of that answer relating to the failure of the Alaska Sawmill Company to comply with the laws of Alaska as to paying annual license taxes and filing annual reports.

When the case came on for trial, defendant, by its counsel, moved for a judgment on the pleadings and further asked leave to offer evidence to show that the action should be abated by reason of failure on the part of Alaska Sawmill Company to comply with the corporation laws of Alaska. Leave was granted and testimony taken, that testimony being confined entirely to the status of Alaska Sawmill Company, and the acts or omissions leading to that status.

The proof on the plea in abatement shows that the Alaska Sawmill Company filed its Articles of Incorporation in the office of the Auditor of Alaska on May 9, 1938 and paid its license tax for the year 1938; that no further license taxes were paid for the years 1939, 1940 and 1941 and the corporation was stricken from the records in the office of the Auditor on January 2, 1941, but was reinstated on August 20, 1942 at which time the corporation paid the license taxes and penalties for the years 1939, 1940, 1941 and 1942; that on December 31, 1942 the license tax for the year 1943 was paid and the annual reports for the years 1938, 1939, 1940 and 1941 were filed. No further taxes were received from the company and on February 20, 1946, the company was stricken from the Auditor's records; that the order of the Auditor in striking the Alaska Sawmill

Company from the records on January 2, 1941 and the second like order of February 20, 1946, were made under the provisions of Sec. 1019, Compiled Laws of Alaska, 1933, and the orders followed the failure of the Company to pay license taxes and penalties for the two preceding years in each case. No annual report of the corporation was filed in the Auditor's office for any year subsequent to 1941. No appointment of agent for service of process was ever filed in the Auditor's office, and the only papers filed by the corporation in the office of the Clerk of the District Court for the Third Division, wherein the principal place of business of the corporation was located, were the following: copy of Articles of Incorporation filed April 19, 1939, and appointment of service agent filed December 18, 1942. No annual report was ever filed in the Clerk's office.

The claim in litigation was assigned to the plaintiff in this action on or about May 4, 1946. The pleading in that respect reads as follows: "That on May 4, 1946, the Alaska Sawmill Company, Incorporated, was dissolved and indebtedness of said corporation was assumed by plaintiff and accounts receivable of the said corporation accrued to plaintiff as a result of the resolution of its stockholders."

This recital of the facts brings us to a consideration of the law on the subject, to be found in Secs. 923 and 1017 of the Compiled Laws of Alaska 1933, as amended by the Alaska Territorial Legislature in Chapter 89 of the Session Laws of Alaska 1935. Sec. 3379 of the Compiled Laws of Alaska 1933 must also be consulted.

Sec. 923 requires that every domestic corporation shall annually, within sixty days from the first day of January of each year, file with the Auditor of the Territory of Alaska and with the Clerk of the District Court in each Division wherein business of the corporation is conducted, a report made and verified by the President and Treasurer of the corporation which shall state the amount of its capital stock and the amount actually issued; the amount of its debts; the amount of its assets; and the names and addresses of

all the directors and officers of the corporation. Then follows the provision from which the controversy here in part arises. It reads: "And if any corporation shall fail to file its annual reports as required in this section, all contracts made by such corporation with the residents of the Territory of Alaska, made in the Territory, shall be voidable as to the corporation during the time it shall neglect to file such report, and no Court in the Territory shall enforce same in favor of the corporation."

A portion of Sec. 1017 follows: "No corporation, foreign or domestic, shall be permitted to commence or maintain any suit, action or proceeding in any court in this Territory without alleging and proving that it has paid its annual corporation tax last due and has filed its annual report for the last calendar year."

Sec. 3379, Compiled Laws of Alaska 1933, is quoted below: "In the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense existing at the time of or before notice of the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange transferred in good faith and upon valuable consideration before due."

Counsel for the plaintiff particularly urged upon the Court the authority of opinions of the Supreme Court of Washington in the cases of Pacific Drug Co. v. Hamilton, 1913, 71 Wash. 469, 128 P. 1069, and Marshall v. Pike, 1927, 145 Wash. 348, 260 P. 531. In these cases the Court either expressly or by implication ruled that an assignment may be made of a chose in action by a domestic corporation which has not complied with the law as respects payment of annual license tax under a provision of the laws of the State of Washington similar to our Sec. 1017, and that failure to so comply will not defeat the claim in the hands of the assignee. These cases have not been expressly overruled by the Supreme Court of Washington, but in a later case, decided in 1940, that of Association Collectors, Inc. v. Hardman and ux., 2 Wash.2d 414, 98 P.2d 318, 319

involving a foreign corporation, the same Court uses language that may be reasonably construed as limiting and weakening as authority, though not overruling, the decisions in the Pacific Drug Co. and Marshall cases, supra, as shown by the following excerpts:

"Under the findings the sole question to be determined is whether plaintiff as assignee may maintain the action which could not be maintained by its assignor by reason of the latter's failure to comply with the laws of this state with respect to the privilege of foreign corporations to carry on intrastate business.

"But for two of our own decisions there could be no doubt about the answer. For, it is generally, if not universally, held that the assignee cannot maintain an action in cases where the foreign corporation, by reason of failure to comply with the laws of the forum, could not maintain the action. 17 Fletcher, Cyc. Corporations, Section 8523; 14a C.J. 1305; Halsey v. Henry, Jewett Dramatic Co., 190 N.Y. 231, 83 N.E. 25, 123 Am.St.Rep. 546; Dean v. Caldwell, 141 Ark. 38, 216 S.W. 31; Lewis v. Club Realty Co., 264 Mass. 588, 163 N.E. 172, 173; Union Stockyards National Bank v. Bolan, 14 Idaho 87, 93 P. 508, 125 Am. St. Rep. 146; New State Land Co. v. Wilson, Tex.Civ. App., 150 S.W. 253; Flinn v. Gillen, 320 Mo. 1047, 10 S.W.2d 923. These holdings are based upon a principle that has always been regarded as axiomatic: that the rights of an assignee to recover upon choses in action and non-negotiable contracts is co-extensive with that of the party from whom he takes, but no greater. National Bank of Commerce v. Pick, 13 N.D. 74, 99 N.W. 63. The principal is just as applicable with respect to a plea in abatement as with respect to a plea upon the merits. Lewis v. Club Realty Co., supra.

"But respondent asserts that we have held otherwise in the cases of Pacific Drug Co. v. Hamilton, 71 Wash. 469, 128 P. 1069; and Marshall v. Pike, 145 Wash. 348, 260 P. 531. It must be admitted that the assertion is at least

partially well founded. For, explicitly in the Marshall case and by implication in the Pacific Drug Co. case, it is held that a plea in abatement, good as against an assignor corporation, will not bar an action by its assignee. But it does not follow that the cases are of compelling authority in deciding the case at bar. It is true that, in those cases, an assignee in each instance was allowed to maintain an action which could not have been maintained by the assignor corporation because of its failure to pay its annual license fee in compliance with Rem.Rev.Stat. Section 3842.

\* \* \* \* \* \* \* \*

"Accepting the principle laid down in Pacific Drug Co. v. Hamilton and Marshall v. Pike as correct, under Rem. Rev.Stat., Section 191, with respect to the right of an assignee to maintain the action when the assignor, a domestic corporation, could not, we think it would be against public policy to extend the same right to the assignee of a foreign corporation which has not complied in any respect with the laws of this state."

In 1943 the Supreme Court of Washington, in Follett v. Clark, 19 Wash.2d 518, 143 P.2d 536, confined within still narrower limits the scope of its opinions in the two earlier cases mentioned, as indicated in the sixth paragraph of the syllabus now quoted: "Where bank because of dissolution by Secretary of State for nonpayment of annual fee could not have maintained an action on note payable to it, indorsee for collection only of such note could not maintain a suit to recover thereon. Rem.Rev.Stat. 3428, 3836—12."

However, it is to be noted that the opinions and decisions of the Supreme Court of the State of Washington listed above, except Association Collectors, Inc. v. Hardman and ux., relate only to provisions of the statutes of that State similar to our Sec. 1017. So far as shown, the laws of Washington embrace nothing corresponding to the above-quoted provisions of Sec. 923 of the Compiled Laws of Alaska, making contracts voidable through the failure of

the corporation to comply with the law requiring the filing of annual reports.

The portion of Sec. 923 quoted above did not appear in the laws of Alaska concerning domestic corporations until the year 1935. While its genesis is not certain, it is only reasonable to suppose that it was adopted, with changes, from the Civil Code of Alaska, Title 3, Sec. 231 of the Act of June 6, 1900, 31 Stat. 529, Sec. 231, Carter's Code, where we find the following language: "If any such corporation or company shall fail to comply with any of the provisions of this chapter, all its contracts with citizens of the district shall be void as to the corporation or company, and no court of the district, or of the United States, shall enforce the same in favor of the corporation or company so failing."

It will be observed that the word used in Sec. 231 of the Act of June 6, 1900 is "void" and the corresponding word carried in Sec. 923 of the Compiled Laws of Alaska, as amended, is "voidable." It seems probable that the word "void" as used in Sec. 231 would in any event be construed as "voidable" for the obvious reason that Congress could not have intended to penalize innocent persons by declaring absolutely void as to both parties and for all purposes a contract which had been entered into with a non-complying corporation.

■■ In the instant case, the defendant claims the benefit afforded him by Sec. 923 because he seeks to avoid the contract, and he relies upon the declaration contained in the law that "no Court in the Territory shall enforce same in favor of the corporation."

Harsh as the result may be, we are not warranted in saying that it is beyond the power of the legislature to so declare. After all, corporations are the creatures of the state and upon grounds of public policy may be penalized for failure to comply with the local laws. This is no more severe than what appears to be a denial of the ordinary principles of honesty and justice in the operation of stat-

.utes of limitations of actions. Many a just claim has been defeated because action upon it was not brought in time.

■ And so we come to the real point at issue, and that is whether the claim can be enforced in the hands of an assignee, the corporation having failed to comply with the laws relative to the filing of annual reports and payment of license taxes. The answer must be that as in the case of every chose in action, except negotiable instruments transferred before falling due, the claim in the hands of the assignee is subject to all of the defenses that might have been interposed against the assignor, Association Collectors, Inc. v. Hardman and ux., supra, and cases there cited.

■ The defense upon plea in abatement is well taken. Indeed, it seems clear that the defendant is entitled to judgment on the pleadings because the failure of the Alaska Sawmill Company to comply with the corporation laws in the respects mentioned is admitted in the pleadings themselves. Against the defense herein properly asserted that the contract sued upon is voidable under Sec. 923, and the defendant elects to avoid it, the action can not be maintained. The application of the provisions of Sec. 1017 to the facts in this case gives the same result. Findings and judgment may go accordingly.