No. 438227

## HARRISON MANUFACTURING CO., INC.
### v.
## PHILIP ROTHMAN & SON, INC.

(March 22 — April 24, 1957)

*Present:* ADLOW, C. J., BARRON AND ROBERTS, JJ.

*Adlow, C. J.* In this action of contract the Harrison Manufacturing Co., Inc., as assignee of a claim of the Eastern Textile Corporation seeks to recover from Philip Rothman and Sons, Inc., a New York corporation, the sum of $8,093.91 for goods sold and delivered. The defendant filed a special appearance contesting the jurisdiction of the court to hear the cause, and assigned as reasons therefor THAT:

(1) The defendant is a corporation duly organized under the laws of the State of New York and having a usual place of business in New York City, New York;

(2) The defendant was not engaged in nor soliciting business in this Commonwealth nor did it have at any time in this Commonwealth any agent or officer authorized to transact business in the name of the corporation;

(3) The said H. M. L. upon whom service of process was made was not at the time of said service a person upon whom service of process against this corporation could be made.

At the hearing on the defendant's answer it was agreed that the defendant was a non-resident corporation; that it commenced an action against the Harrison Manufacturing Co., Inc., by trustee writ dated November 3, 1955 and returnable in the Municipal Court of the City of Boston, which action was removed by the Harrison Manufacturing Co.,

Inc., to the Superior Court on the return day; that subsequently the Harrison Manufacturing Co., Inc., brought a cross action against Philip Rothman and Son, Inc. in the Municipal Court of the City of Boston which action on motion was consolidated with the former action in the Superior Court. On Sept. 27, 1956 agreements for judgment and judgment satisfied were executed and filed in both these actions.

It was further agreed that by writ dated August 31, 1956, Harrison Manufacturing Co., Inc., as assignee of the Eastern Textile Corporation, under an assignment dated August 30, 1956, brought the present action against Philip Rothman and Son, Inc., in the Municipal Court of the City of Boston, returnable September 22, 1956. Service was made on H. M. L. who was counsel for Rothman and Son, Inc., in the prior actions which were then pending in the Superior Court for Suffolk County.

On these facts the court ruled that it had jurisdiction over the cause, and being aggrieved by the refusal of the court to dismiss the action, the defendant Rothman and Son, Inc., brings this report.

The plaintiff bases its right to bring this action against the non-resident defendant on the right given it by G. L. c. 227, §2, which allows one sued by a non-resident to bring a cross claim by making service on the attorney of record for the non-resident plaintiff. No question has been raised with respect to the right of the defendant in the original action to bring such a cross action. Whether the law permits a defendant proceeded against by a non-resident plaintiff to bring more than one cross action is not so clear. However, because of the nature of the claim brought by the defendant in this cross action it becomes unnecessary to determine the question.

The cross action brought by the original defendant as plaintiff is based on an assignment of a claim made to it by the Eastern Textile Corporation on August 30, 1956. While the assignee under a

written assignment can bring an action on the claim in its own name, the action is subject to all the defenses available to the defendant if the assignor itself were prosecuting the action. G. L. c. 231, §5. This statute has been construed to permit defenses in abatement of actions as well as to the merits of the action. The assignee is in no better position to wage his action than his assignor. *Lewis v. Club Realty Co.*, 264 Mass. 588; *Universal Adjustment Co. v. Midland Bank,* 281 Mass. 303, 311.

Since the non-resident defendant had commenced no action in this Commonwealth against the plaintiff's assignor, there was no counsel of record upon whom proper service could be made. Had the plaintiff's assignor brought this action under the same circumstances this court would have had no jurisdiction to hear the cause. We see no reason why the assignment to the plaintiff should in any way change the situation. It was error for the court to rule that it had jurisdiction.

The exact manner in which this question of jurisdiction was brought before the court does not appear. Nor can we gather from the context of the court's decision from which the defendant appealed whether it is in response to the special appearance contesting *the jurisdiction of the court or to some plea in the* nature of a motion to dismiss. It being apparent, however, that the tribunal was *coram non judice* the finding of the court must be vacated and the order of this court must be

*Cause dismissed.*

Crane, Inker & Aronson, for the Plaintiff.