CHARLES W. GLIDDEN *vs.* MASSACHUSETTS HOSPITAL LIFE INSURANCE COMPANY.

Suffolk.    January 27, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LORING, & BRALEY, JJ.

*Contract*, Performance and breach. *Order. Condition.*

If an order for the payment of money is accepted as payable out of the first payment to which the maker of the order shall become entitled under a certain contract with the acceptor, and the first payment under that contract never is made because of a failure of the maker to perform the conditions precedent required before its payment, the fact that a payment is made by the acceptor of the order to the maker of the order under a new and independent contract does not waive the performance of the conditions under the first contract or make the acceptor in any way liable to the payee of the order.

CONTRACT upon an order for the payment of money accepted by the defendant upon the condition stated in the opinion. Writ in the Supreme Judicial Court dated December 19, 1902.

The case was tried before *Morton*, J., who directed the jury to return a verdict for the defendant on the ground that there was

no evidence to show a performance of the condition of the acceptance of the order sued on, or of its waiver, sufficient to warrant the submission of the case to the jury. The plaintiff alleged exceptions.

*S. L. Whipple & D. A. Ellis,* for the plaintiff.

*C. F. Choate, Jr.,* for the defendant.

KNOWLTON, C. J.   This is an action of contract to recover the amount of an order accepted by the defendant. The order was dated Boston, July 23, 1901, signed by one Vinal and addressed to the defendant, requesting the payment to the plaintiff of the sum of $5,500 out of the first payment to which Vinal should become entitled on account of three mortgages given on that day to the defendant. It referred to the payment under the mortgages as $11,000, to be received when the first floor of the building to be erected on each lot should be in. On the same day the defendant accepted the order in these words: "Boston, July 23, 1901.   The Massachusetts Hospital Life Insurance Company acknowledges the receipt of the foregoing order, and will make the payment to said Glidden therein called for, provided said Vinal becomes entitled to the first payment under said mortgages in accordance with the terms of his application therefor dated July 1, 1901.   Massachusetts Hosp. Life Ins. Co. by Geo. A. Sawyer, Atty."   At the end of the trial the justice ruled that there was no evidence of the performance of the condition of the acceptance of the order, or of its waiver, sufficient to warrant the submission of the case to the jury.   The only question before us is whether this ruling was correct.

Vinal had applied to the defendant for a mortgage loan of $20,000 upon each of three lots of land, on each of which he was about to build a house. These were to be building loans, — that is, the defendant was to furnish the money in instalments from time to time, according to the progress of the work, as the buildings were erected. By the terms of the contract between the parties in the application, the stipulated payments were to be made by the defendant to Vinal upon each mortgage, at the times agreed, "provided the title and workmanship are satisfactory to the lender and no liens exist having priority to the mortgage of which George A. Sawyer's certificate shall be

conclusive." The mortgages and accompanying notes were given by Vinal to the defendant, but the first payment by the defendant on account of the loans was to await the construction of the building to the first floor, and the performance of the other conditions as to title and liens, to the satisfaction of Mr. Sawyer, so that he might give his certificate. This condition was never performed. When the notes and mortgages were given by Vinal to the defendant, there were four prior mortgages outstanding on different parts of the property, together amounting to more than $24,000, and the taxes for the year 1901 were not paid.

On November 27, 1901, the defendant having been notified that the first floors of the houses were on and the walls up, Sawyer, representing the defendant, met Vinal, the plaintiff, and a representative of some of the mortgagees, at the registry of deeds, with four checks from the defendant for different sums, payable to his own order, which he intended to turn over to Vinal to be turned over at the same time for the discharge of incumbrances, if the conditions should seem to warrant it. At the registry he ran down Vinal's title in the usual way, from the time of his former examination, and examined the list of bankrupts which is posted there daily. He found that a petition in bankruptcy had been filed against Vinal two days before. He then told the others what he had discovered, and declined to proceed further that day. He thought that the filing of the petition affected the title to Vinal's property, on which these mortgages had been given previously without the advancement of any money upon them. He thought that no payment could safely be made to Vinal, or to the plaintiff as his creditor, and he was apprehensive that liens might be filed later for labor or materials.

By the terms of the contract, the decision of Sawyer on the question whether the title was satisfactory was made conclusive, and his adverse judgment, honestly entertained, was enough to leave the defendant free from obligation to make payments on account of the loan. *Gilson* v. *Cambridge Savings Bank*, 180 Mass. 444. Besides, his opinion was well founded in law. The rights of a trustee in bankruptcy relate back to the time of filing the petition by or against the bankrupt, and cover his property

from that time.  *Mueller* v. *Nugent,* 184 U. S. 1.  *In re Krinsky,* 112 Fed. Rep. 972, 975.  *In re Fraizer,* 117 Fed. Rep. 746.  *In re Weinger,* 126 Fed. Rep. 875.  *In re Mertens,* 131 Fed. Rep. 507, 516.  *In re Goldberg,* 121 Fed. Rep. 578, 580.  *In re Breslauer,* 121 Fed. Rep. 910.  The prior mortgages were not discharged, nor was any attempt then made to discharge them. Sawyer, representing the defendant, waived nothing, the title was not satisfactory to him either as to the mortgages or liens, and neither Vinal nor the plaintiff was entitled to receive any payment from the defendant.  *Gormley* v. *Kyle,* 137 Mass. 189.

The plaintiff contends further that the condition was performed or waived because the defendant and Vinal entered into a new agreement in regard to the construction of these houses, on June 13, 1902.  On the same day, Vinal's trustee in bankruptcy made a deed of his interest in the property to Vinal, so that Vinal came in by a title which previously had been taken from him and had vested in the trustee by the proceedings in bankruptcy.  Subsequently he transferred this title to one who held it for the defendant.  Previously the defendant had taken up some of the prior mortgages, by paying the amount due, and was then holding them.  The payment which was subsequently made to Vinal by the defendant, was under the new agreement, without which, presumably, nothing more would have been done by Vinal, and nothing would ever have become due to him.  After receiving one payment under the new agreement, he abandoned the work and the defendant finished the houses.

The acceptance by the defendant gave the plaintiff no right, unless Vinal should become entitled to the first payment under the agreement then existing.  There can be no recovery on the ground that Vinal became entitled to a payment under a new contract, made under changed conditions.  We are of opinion that the ruling was correct.

*Exceptions overruled.*