J. ALFRED DOLBEN *vs.* AUGUSTUS H. KAUFMAN & another.

Suffolk.    May 17, 1929. — February 24, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Contract,* Construction, Performance and breach.    *Mortgage,* Of real estate: construction loan mortgage.

An action of contract was upon a writing wherein a construction loan mortgagee of a building under construction accepted an order by the owner of the building and agreed to pay to a contractor for masonry work thereon a certain sum as "payment # 7 under your [the contractor's] contract with him [the owner], ninety days after due notice of the final completion of said mason work." The writing further

specified that the ninety days should commence when all the masonry work was finished; that the agreement to pay was subject to the terms of the contract between the contractor and the owner and to the terms of the construction loan agreement between the mortgagee and the owner. That agreement provided that the mortgagee should advance to the owner, upon the security of the mortgage, certain sums at certain times; that "guarantees given by said mortgagee for payment of labor or material for said building and charges for labor and material furnished by said mortgagee for said building, if any, may be charged as advances on said mortgage loan against said payment or payments as said mortgagee may see fit"; and that the "mortgagee shall be no longer bound by this agreement if said mortgage or any other mortgage in lieu or substitution thereof shall be foreclosed for breach of the condition, nor if the said building shall not be completed at the maturity of said [mortgage] note and mortgage." It did not appear that any advances available for payment to the contractor had been made; or that the defendant mortgagee charged the acceptance under the writing in suit as an advance on the mortgage in accordance with the quoted provisions of the agreement; or that the building was completed at the maturity of the mortgage and mortgage note; or that the "payment # 7" in question became due before that time. The plaintiff was an assignee of the contractor. *Held*, that

(1) The writing in suit did not constitute an absolute guaranty by the defendant to pay the sum named to the contractor if it should become due from the owner to the contractor under their contract for masonry work: *it merely bound the defendant to make the payment to the contractor out of moneys advanced or required to be advanced by the defendant under the construction loan agreement;* .

(2) The burden therefore was on the plaintiff to show that money was available for payment to the contractor for the reason that it had been advanced or was required to be advanced by the defendant;

(3) The plaintiff could not recover, since it did not appear that such advances had been made by the defendant or that he had charged the acceptance contained in the writing in suit as an advance, and since, it not appearing that either the building or the contractor's work was completed before the maturity of the mortgage and mortgage note, the defendant was not required to make advances on the contractor's account.

CONTRACT upon the writing described in the opinion. Writ dated February 10, 1927.

The action was tried in the Superior Court before *Dillon*, J. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff was recorded in the sum of $4,120.57. Thereafter, the judge ordered the entry of a verdict for the defendants. The plaintiff alleged exceptions.

*G. W. Cox*, (*D. M. Brackman* with him,) for the plaintiff.

*J. M. Graham*, for the defendants.

FIELD, J.  This is an action of contract brought by an alleged assignee of one Maurice Plotnick, a contractor for mason work upon ten buildings being constructed in Brookline by one Steinberg, against Augustus H. Kaufman and Benjamin A. Levine, construction loan mortgagees, herein referred to as the defendants, and a trustee.  There was a verdict for the plaintiff but in accordance with leave reserved the judge ordered that a verdict be entered for the defendants.  To this order and to the exclusion of evidence the plaintiff excepted.

The instrument upon which the action was brought was a letter dated March 22, 1926, addressed to the contractor, the alleged assignor, and signed by the defendants, which read as follows: "Max Steinberg, Trustee of the St. Paul Realty Trust, has notified us to pay you the sum of FOUR THOUSAND DOLLARS ($4,000.) under certain conditions.  We accept the said order and will pay you the said sum of FOUR THOUSAND DOLLARS ($4,000.), being payment #7 under your contract with him, ninety days after due notice of the final completion of said mason work.  Said 90 days to commence when all work is completed except front gate on St. Paul Street.  This payment is conditional on your proceeding at once to complete the work called for in said contract and is subject to the terms of said contract between you and said Steinberg, dated November 12th, 1925, and to the terms of the construction agreement between said Steinberg and us dated November 9, 1925."  There was evidence that the defendants "have not paid the $4,000 . . . to Plotnick or to anybody."

The defendants do not contend that this instrument is not binding upon them but they contend that the evidence did not warrant a finding either (a) that there was a valid assignment in writing to the plaintiff of Plotnick's rights thereunder, or (b) that there was compliance with the terms of the instrument.

The plaintiff's rights are not greater than those of his assignor even if it is assumed that there was a valid assignment in writing by Plotnick to the plaintiff upon which

the plaintiff can sue in his own name. See G. L. c. 231, § 5. Under the contract of Steinberg with Plotnick for mason work, dated November 12, 1925, Plotnick, upon compliance therewith, was entitled to receive as a seventh payment from Steinberg as to five buildings "Ninety (90) days after the entire job is completed $2,000.00," and the same amount for the other five buildings. His right to receive this payment from the defendants, however, was subject also "to the terms of the construction agreement . . . dated November 9, 1925" between them and Steinberg.

By this construction loan agreement the defendants were bound to advance $200,000 to Steinberg during the erection of the buildings, subject to the terms thereof, and to a schedule of payments "at the times and stages of construction therein set forth," upon the security of mortgages on the premises, dated also November 9, 1925, and maturing in six months from that date. "Guarantees given by said mortgagee for payment of labor or material . . . and charges for labor and material furnished by said mortgagee" might "be charged as advances on said mortgage loan against said payment or payments as said mortgagee may see fit." But it was provided that the "mortgagee shall be no longer bound by this agreement if said mortgage or any other mortgage in lieu or substitution thereof shall be foreclosed for breach of the condition, nor if the said building shall not be completed at the maturity of said note and mortgage," and it was "agreed that the mortgagee may advance payments, but shall not be bound so to do after the maturity of said note and mortgage for the completion of said building, and charge the same against mortgage note, the same being repayable on demand."

The instrument sued on did not bind the defendants to make any payment to Plotnick, except so far as advances available for that purpose actually were made by them on Steinberg's account or as advances on his account were required to be made by the construction loan agreement. The defendants' contract embodied in this instru-

ment did not amount to an absolute guaranty to pay the sum of $4,000 if it should become due from Steinberg to Plotnick as the seventh payment under the contract between them for mason work, but rather was the acceptance by the defendants of an order by Steinberg to pay Plotnick out of moneys advanced by the defendants in accordance with the construction loan agreement. Therefore, it was an essential part of the plaintiff's case to show that such moneys were available for payment to him, because advanced or required to be advanced by the defendants. See *Glidden* v. *Massachusetts Hospital Life Ins. Co.* 187 Mass. 538; *O'Connell* v. *Root*, 254 Mass. 218.

This proof has not been made. It does not appear that any advances available for payment to the plaintiff have been made or that the defendants charged the acceptance itself as an advance on the mortgage against any required payment, under the right reserved to them by the construction loan agreement so to charge "guarantees," "as said mortgagee may see fit." Nor, in the light of the evidence taken in its aspect most favorable to the plaintiff, does it appear that the defendants were required by the construction loan agreement to make any advances on Steinberg's account on or after the due date of the seventh payment under the contract between Steinberg and Plotnick. There was no evidence that the buildings were completed "at the maturity of said note and mortgage," May 9, 1926, and by the terms of the construction loan agreement the defendants were not required to make any advances after that date and were not bound by the agreement if the buildings were not completed by that time. It could not have been found that this seventh payment became due before "the maturity of said note and mortgage." Even if the note and mortgage had been extended to July 9, 1926, as indicated by the plaintiff's excluded offer of proof, his proof failed for it could not have been found that the buildings were completed or that the seventh payment became due on or before that date. It follows that it was not error to order the entry of a verdict for the defendants.

Since, for the reasons stated, the plaintiff cannot prevail, it is unnecessary to determine whether the evidence warranted a finding that he complied with the other provisions of the instrument dated March 22, 1926, including, as incorporated therein, other terms of the construction loan agreement and the terms of the contract between Steinberg and Plotnick, or whether it warranted a finding that there was a valid assignment in writing to the plaintiff of Plotnick's rights under this instrument.

The plaintiff has not argued his exceptions to the exclusion of evidence and we treat them as waived.

*Exceptions overruled.*