JOHN W. LAW, JUNIOR *vs.* HOLLAND TRANSPORTATION COMPANY, INC.

Suffolk. December 4, 1950. — January 4, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Indemnity. Contract,* Construction, Of indemnity. *Motor Vehicle,* Lease of motor vehicle.

Under a lease of a motor tractor by one not a common carrier for use in hauling a trailer of the lessee, a common carrier, whereby the lessor was to provide necessary equipment and gasoline and other supplies and to select, furnish and pay the operator, whom he warranted to be competent and qualified to operate the tractor, a claim against the lessor for personal injuries sustained by a third person through negligence of the lessor's operator in driving the tractor while it was hauling the trailer came within a provision of the lease that the lessor should indemnify the lessee against loss resulting from injury to or death of

the operator and "any loss or damage resulting from the negligence, incompetence or dishonesty of" the operator, rather than a provision that the tractor should be under the exclusive control of the lessee, "who shall assume full common carrier responsibility . . . for loss or damage to cargo transported . . . and . . . for the operation of such vehicle"; and the lessor was not entitled to indemnification by the lessee against such claim.

CONTRACT. Writ in the Superior Court dated September 14, 1948.

The action was tried before *Swift,* J.

*J. M. Russell, (S. Mondlick* with him,) for the defendant.

*M. Rosenthal,* for the plaintiff.

·RONAN, J. The defendant excepted to the denial of its motion for a directed verdict in this action of contract brought by the plaintiff, as assignee of one DuBois, to recover for an alleged obligation of the defendant to indemnify DuBois against any claims arising out of the operation of a motor vehicle leased by DuBois to the defendant. The plaintiff had a verdict.

The plaintiff recovered a judgment in Connecticut against DuBois for personal injuries due to the negligent operation of a motor tractor which was owned by DuBois and which was hauling a trailer belonging to the defendant, Holland Transportation Company, Inc., hereinafter called Holland, in accordance with a lease entered into by DuBois and Holland. Under the lease, which covered a single trip between Boston and New York, DuBois, the lessor, agreed to provide gasoline, oil, tires, and other necessary equipment. He selected and furnished the driver whose wages he agreed to pay and who he warranted was competent and qualified to operate the tractor, which he also warranted was in a good state of repair. The lease under the lessor's covenants contained paragraph (e), which provided that the lessor "Agrees to indemnify lessee against (1) any loss resulting from the injury or death of such driver(s) and (2) any loss or damage resulting from the negligence, incompetence or dishonesty of such driver(s)." The lease under the lessee's covenants contained paragraph (a), which provided that the lessee "Agrees that during the term of this

lease, the said vehicle(s) shall be solely and exclusively under the direction and control of the lessee who shall assume full common carrier responsibility (1) for loss or damage to cargo transported in such motor vehicle and (2) for the operation of such vehicle." The lease also provided that Holland should pay a designated sum in full and complete payment "for all equipment and materials supplied, maintenance and operating expense, wages of driver(s), all taxes and insurance." The plaintiff's judgment against DuBois not having been satisfied, he took an assignment from DuBois of all his right, title and interest in the lease.

The question is whether a claim for personal injuries sustained by a traveller upon a public way resulting from the negligence of the driver comes, as the plaintiff contends, within paragraph (a), which imposes upon Holland the responsibility of a common carrier for loss of or damage to the goods and for the operation of the vehicle, or whether such a claim comes, as the defendant contends, within paragraph (e) in which DuBois agreed to indemnify Holland from any loss or damage resulting from the negligence of the driver.

The rights which the plaintiff is seeking to enforce against Holland are only those which he acquired under his assignment from DuBois and which DuBois had acquired under the lease against Holland. *Dolben* v. *Kaufman*, 270 Mass. 381. *Edmund Wright Ginsberg Corp.* v. *C. D. Kepner Leather Co.* 317 Mass. 581.

The relation of the parties to the driver is defined in paragraph (e). DuBois assumed responsibility for any loss resulting from injury to or death of the driver which arose out of or in the course of his employment. Holland was to be indemnified from any claims with respect thereto. Holland was likewise indemnified from loss or damage due to negligence of the driver while he was engaged in performing the work which his employer, DuBois, had undertaken. DuBois, and not Holland, was to assume liability for damages incurred by the driver and also for loss due to his

negligence. The liability of DuBois for the negligence of the driver was not limited to loss or damage of any particular kind or nature, and it was not confined to any special group or class of persons who might be injured or damaged by reason of his negligence. The indemnity of Holland from loss or damage resulting from the negligence of the driver went little farther, if any, than clearly expressing the obligation which DuBois had already assumed in an earlier paragraph of the lease in which he warranted the competency of the driver whom he furnished.

Holland was a common carrier but DuBois was not. DuBois did not wish to be held liable to those toward whom Holland stood in the relationship of a common carrier. Under paragraph (a) it was provided that Holland should have sole control of the vehicle and should assume full common carrier liability for loss of or damage to its cargo and for the operation of the vehicle. In other words, Holland assumed liability to the owners, consignors, consignees, and all other persons having proprietary interests in the goods which it was transporting, for their loss or damage and also for such loss or damage to the goods as might be due to the operation of the vehicle. The subject matter of this paragraph (a) is liability because of damage to the freight.

There is a substantial difference between the provision indemnifying Holland from loss or damage due to negligence of the driver and the provision by which Holland assumed the liability of a common carrier for loss of or damage to the cargo resulting from the operation of the motor vehicle. Holland as a common carrier was an insurer of the cargo and its liability to the shipper did not rest upon negligence. The omission of the word "negligent" in the clause "for the operation of such vehicle" as appearing in paragraph (a), when compared with the clause "damage resulting from the negligence . . . of such driver(s)" as appearing in (e), tends to confirm our construction that paragraph (a) is confined to the liability of Holland as a common carrier. We, therefore, conclude that, as between the parties to the lease, DuBois

agreed to indemnify Holland respecting the injury incurred by the plaintiff.

Holland was licensed as an interstate common carrier by motor vehicles, and at the time of the accident the trailer carried Holland's license plates. Holland was required to comply with the act of Congress governing interstate motor carriers, U. S. C. (1940 ed.) Title 49, §§ 301–327, and the regulations of the interstate commerce commission thereunder. Holland in compliance with § 315 had secured insurance for the satisfaction of judgments recovered for bodily injuries or death resulting from the negligent operation of its motor vehicle or for loss of or damage to property of others. There is no evidence that it had secured insurance for the benefit of DuBois or that it was required to do so under the motor carrier act or any regulation of the commission. Indeed, the lease expressly provided that the prescribed rental, which was to be paid by Holland, included operating expense, wages of the driver, and all taxes and insurance. The cost of insurance, if any was necessary, was therefore included in the rental and, so far as DuBois and Holland were concerned, was to be furnished by the former. The plaintiff has not, so far as appears, recovered any judgment against Holland and consequently is not as a judgment creditor of Holland seeking to apply Holland's insurance obtained by it in accordance with § 315. The plaintiff, as already pointed out, is attempting to enforce DuBois's alleged right under the lease to compel Holland to pay the judgment which the plaintiff recovered against DuBois. DuBois and consequently the plaintiff, his assignee, have no such right.

There was error in the denial of the defendant's motion for a directed verdict.

*Exceptions sustained.*
*Judgment for the defendant.*