HARRISON MANUFACTURING CO., INC. *vs.* PHILIP ROTHMAN & SON, INC.

Suffolk.    December 5, 1957. — January 8, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Jurisdiction*, Nonresident, Cross action. *Assignment.*

An action on a nonnegotiable legal chose in action brought by an assignee thereof in his own name against a foreign corporation was subject to a defence available against the assignor of lack of jurisdiction over the defendant. [627]

In an action by an assignee of a nonnegotiable chose in action in his own name against a foreign corporation which did no business in Massachusetts, jurisdiction over the corporation was not acquired by virtue of G. L. (Ter. Ed.) c. 227, §§ 2 and 3, through service of process on its attorney of record in a pending action brought by it here against the assignee where it appeared that no action had been brought here by the corporation against the assignor and that the assignment was made after the commencement of its action against the assignee. [628]

CONTRACT. Writ in the Municipal Court of the City of Boston dated August 31, 1956.

The action was heard by *Lewiton,* J.

*Joseph G. Crane,* for the plaintiff, submitted a brief.

*Harold M. Linsky,* (*Alan J. Dimond & Burton I. Gans* with him,) for the defendant.

. SPALDING, J.    Harrison Manufacturing Co., Inc., as assignee of a chose in action by Eastern Textile Corporation brought this action of contract against Philip Rothman & Son, Inc., a foreign corporation, to recover the sum of $8,093.91 for goods sold and delivered. For convenience the corporations involved will hereinafter be referred to, respectively, as Harrison, Eastern, and Rothman.

Rothman, appearing specially, challenged the jurisdiction on the ground that it was a New York corporation; that it did not engage in or solicit business in this Commonwealth; and that it was not properly served with process.

The question of jurisdiction was submitted on a statement of agreed facts. Rothman is a New York corporation and has no usual place of business in this Commonwealth. By a trustee writ dated November 3, 1955, it commenced an action against Harrison in the Municipal Court of the City of Boston. This action was removed by Harrison to the Superior Court. Thereafter Harrison brought a cross action (not the one here involved) against Rothman in the Municipal Court. That action was removed to the Superior Court and was consolidated with the earlier action. On September 27, 1956, an agreement for judgment and judgment satisfied was executed and filed in each case.

By a writ dated August 31, 1956, Harrison as assignee of Eastern under an assignment dated August 30, 1956, brought the present action against Rothman in the Municipal Court of the City of Boston. Service was made on Harold M. Linsky who was counsel for Rothman in the prior actions which were then pending in the Superior Court.

Upon the foregoing facts the judge ruled that the court had jurisdiction over both the cause and the defendant. The defendant claimed a report, and the judge, being of opinion

that the question should be reviewed by the Appellate Division before further proceedings, reported the case. See G. L. (Ter. Ed.) c. 231, § 108. The Appellate Division held that the trial judge erred in ruling that the court had jurisdiction and ordered the case to be dismissed. Harrison appealed.

The Appellate Division was right.

Rothman was a foreign corporation which did no business in this Commonwealth. Harrison argues that jurisdiction over Rothman by service of process on its attorney was acquired by virtue of G. L. (Ter. Ed.) c. 227, §§ 2 and 3, the material portions of which read: "If an action is brought by a person not an inhabitant of the commonwealth or who cannot be found herein to be served with process, he shall be held to answer to any action brought against him here by the defendant in the former action, if the demands are of such a nature that the judgment or execution in the one case may be set off against the judgment or execution in the other" (§ 2). "The writ in such cross action may be served on the attorney of record for the plaintiff in the original action, and such service shall be as valid and effectual as if made on the party himself in the commonwealth" (§ 3).

We are not concerned with the right of Harrison to bring the first cross action which was disposed of in the Superior Court. Nor need we decide whether a person who has been sued by a nonresident is permitted under the statute to bring more than one cross action. The cross action under consideration was acquired by Harrison by way of an assignment from Eastern on August 30, 1956. The assignee of a nonnegotiable legal chose in action may maintain an action in his own name, but the action is subject to all the defences to which the defendant would have been entitled if it had been brought in the name of the assignor. G. L. (Ter. Ed.) c. 231, § 5. It has been held that this statute makes available to a defendant defences in abatement as well as to the merits. *Lewis* v. *Club Realty Co.* 264 Mass. 588, 591. *Universal Adjustment Corp.* v. *Midland Bank, Ltd.* 281 Mass. 303, 311. In the case last cited it was held that the defence of forum non conveniens which was available

against the assignor, but not against the assignee, was not lost by assignment, and that the case must be decided as though the suit had been brought by the assignor. "The manifest design of . . . [G. L. (Ter. Ed.) c. 231, § 5] in general is that the assignee must stand in the shoes of the assignor as to proceedings in court. He cannot be in any better position than the assignor. The alleged debtor cannot be put in any worse condition than if the original contractor were suing in his own name and right." *Lewis* v. *Club Realty Co., supra,* at page 591.

When the original action was brought by Rothman (the nonresident defendant) Eastern (Harrison's assignor) would have been in no position to obtain jurisdiction over Rothman by service on its counsel of record. No action had been commenced by Rothman against Eastern and in no sense could an action then brought by Eastern be said to be a cross action within the purview of G. L. (Ter. Ed.) c. 227, §§ 2 and 3. The assignment by Eastern to Harrison after the commencement of the original action did not change the situation. Harrison acquired it with whatever infirmities it had as to matters both on the merits and in abatement. It follows that no jurisdiction over Rothman was acquired by service of process on its counsel of record. Whether a different result would have followed an assignment by Eastern to Harrison prior to the commencement of the original action by Rothman, we need not consider.

*Order of Appellate Division
affirmed.*