QUINCY TRUST COMPANY *vs.* TOWN OF PEMBROKE.

Norfolk.  January 7, 1964. — January 30, 1964.

Present: WILKINS, C.J., CUTTER, KIRK, & SPIEGEL, JJ.

*Assignment.  Contract,* Assignment, Performance and breach.

An assignee of the interest of a partially paid contractor in a contract with a town requiring a certificate by town officers of performance by the contractor as a condition precedent to the final payment could not recover the final payment from the town where such a certificate had not been issued and there was nothing to show that it had been improperly withheld, although at the time of the assignment the town in a letter to the assignee assented thereto and stated that it would pay the balance at later times.

CONTRACT.  Writ in the Superior Court dated October 2, 1961.

The action was heard by *Bolster, J.*

The case was submitted on briefs.

*Joseph H. Cordella* for the plaintiff.

*Joseph F. McGaffigan* for the defendant.

SPIEGEL, J.  This is an action of contract brought by an assignee to recover damages for an alleged failure by the defendant to pay part of an assigned debt.  The case was tried in the Superior Court on a statement of agreed facts, which included a contract incorporated by reference.  The judge ordered judgment for the defendant from which the plaintiff appealed.

In 1958 the defendant entered into a written contract with National Associates, Inc. (National). Under its terms, National was to make a revaluation of the defendant's taxable property, was to be present at hearings of the defendant's board of assessors to defend values and assist in the settlement of complaints, and was to provide the defendant with record cards containing essential information on the property assessed. On November 14, 1958, the defendant issued a letter to the plaintiff consenting to a proposed "assignment of $9,000 from the National Associates, Inc. to the Quincy Trust Company of their interests in the above-mentioned contract."[1] On November 26, 1958, National assigned to the plaintiff its interest in the unpaid balance. In March, 1959, the defendant paid the plaintiff the sum of $4,500 but made no subsequent payment. In November, 1959, National was adjudicated a bankrupt, and in January, 1960, the defendant voluntarily paid to National's trustee in bankruptcy the sum of $3,000 to secure possession of the record cards.

At the time of the assignment, National had performed all services owed to the defendant under the contract except that it had not participated in the complaint and adjustment hearings and had not delivered the record cards. It appears that National never participated in the hearings. The defendant's assessors never issued a certification that the contract had been fulfilled, unless the letter of November 14, 1958, is deemed to be such a certificate.[2]

---

[1] The pertinent portion of the letter reads as follows: "This is to inform you that National Associates, Inc., who contracted with the Town of Pembroke to revaluate its taxable property for the sum of $16,000.00 has completed its work except for hearings and adjustments. The Town of Pembroke hereby consents to the proposed assignment of $9,000.00 from the National Associates, Inc. to the Quincy Trust Company of their interests in the above-mentioned contract. The Town of Pembroke has paid National Associates, Inc., the sum of $7,000.00 and will pay the remaining $9,000.00 to the Quincy Trust Company in annual installments of $4,500.00 each on or about April 1, 1959 and April 1, 1960 respectively."

[2] A clause in the contract read as follows: "Statements for service rendered shall be subject to the approval of the Board of Assessors and the final payment shall be made upon their certification that the contract has been fulfilled."

We believe that the trial judge correctly concluded that the assignment by National to the plaintiff was an assignment only of an interest in a contract and not of an amount of money.[3]  See *McLaughlin* v. *New England Tel. & Tel. Co.* 345 Mass. 555, 557, 559–560.  Cf. *Claycraft Co.* v. *John Bowen Co.* 287 Mass. 255, 257.  In this case, the assignee stands in no better position than the assignor, and any defence which the defendant could raise against the latter may also be raised against the former.  *Dyer* v. *Homer,* 22 Pick. 253, 261.  *Buttrick Lumber Co.* v. *Collins,* 202 Mass. 413, 418.  *Harrison Mfg. Co. Inc.* v. *Philip Rothman & Son, Inc.* 336 Mass. 625, 628.  See G. L. c. 231, § 5.

In the present case, a condition precedent to the making of the final payment was the issuance by the board of assessors of a certification that the contract had been "fulfilled." There is nothing in the record to indicate that this certification has been improperly withheld.  This condition not having been met, neither the assignor nor the assignee is entitled to payment.  *Glidden* v. *Massachusetts Hosp. Life Ins. Co.* 187 Mass. 538, 540.  *Dolben* v. *Kaufman,* 270 Mass. 381, 384–385.

*Order for judgment affirmed.*

---

[3] The plaintiff requested the following ruling: "Where a valid assignment of money has been perfected more than four months before filing of a Petition in Bankruptcy it is good and valid."  The trial judge refused to give the ruling "on the ground (*inter alia*) that the assignment referred to is not an 'assignment of money,' but is an assignment of National Associates, Inc.'s 'interest [if any] in the remaining balance due it . . . .' from defendants."